Jodi Sue HENRY, Plaintiff,

v.

ROBEY–BARBER INSURANCE SERVICES CORPORATION, a Florida corporation, Sterling Investors Life Insurance Company, a Florida corporation, and the Centennial Life Insurance Company, a foreign corporation, jointly and severally, Defendants.

No. 91–565–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 17, 1991.

Russell K. Peavyhouse, Peavyhouse & Opp., P.A., Tampa, Fla., for plaintiff.

Paul E. Parrish, Holland & Knight, Tampa, Fla., for defendant.

John Charles Lenderman, Harris, Barrett, Mann & Dew, St. Petersburg, Fla., for defendant Sterling Investors Life Ins. Co.

Timon V. Sullivan, Gunn, Ogden & Sullivan, P.A., Tampa, Fla., for defendant the Centennial Life Ins. Co.

## ORDER OF DISMISSAL

KOVACHEVICH, District Judge.

This Cause was originally filed in the Florida Circuit Court in and for Hillsborough County. Plaintiff Jodi Sue Henry's ("HENRY") amended complaint seeks a declaratory judgment of her rights under an insurance contract pursuant to Florida Statutes 86.011 (1989), and damages in contract and in tort against Defendants Robey–Barber Insurance Services Corporation ("ROBEY–BARBER"), Sterling Investors Life Insurance Company ("STERLING"), Centennial Life Insurance Company ("CENTENNIAL"). Notice of removal was filed by ROBEY–BARBER and consented to by STERLING and CENTENNIAL.

Once the case came to this Court, all three Defendants filed pre-answer motions to dismiss Plaintiff's complaint. Defendants' motions to dismiss all focus on an alleged preemption of Plaintiff's causes of action by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff did not file a memorandum in opposition to the dismissal motions, but did cite a number of cases in response to a defense interrogatory on jurisdiction. These cases lead the Court to the conclusion that Plaintiff claims the causes of action are not preempted by ERISA, as the group health insurance plan does not qualify as an employee benefit plan under ERISA.

From a procedural standpoint, the Court is now faced with a dilemma. If the insurance coverage provided to Plaintiff was provided under an employee benefit plan, Plaintiff's causes of action are preempted by ERISA. If this is the case, then Plaintiff has failed to state a cause of action for which this Court may grant relief and dismissal is proper under Federal Rule of Civil Procedure 12(b)(6). *See Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (common law breach of contract and tort claims against insurance companies that issue insurance plans to employee benefit programs are preempted by ERISA).

However, if the benefits were not provided under a qualified ERISA employee benefit plan, then the causes of action stated in Plaintiff's complaint are properly considered Florida common-law actions. As such, the Hillsborough County Circuit Court would be the proper forum for the case. This Court would lack subject matter jurisdiction, there being no federal question and incomplete diversity of parties. *See* 28 U.S.C. §§ 1331 and 1332.

Thus, it appears that none of the parties to this case wish to be in this Court, but differ as to whether the case should be remanded to the state court for further action or simply dismissed. For the following reasons, this Court holds that the complaint, as it is currently pled, fails to establish that the insurance benefits were not provided under an employee benefit plan, and therefore the causes of action are preempted by operation of ERISA.

In ruling on a motion to dismiss, a trial court is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). This "most favorable" viewing requires the Court to make all reasonable inferences in favor of Plaintiff. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). However, in determining the dismissal motion, the Court is neither required nor expected to engage in unfounded speculation as to the existence or non-existence of all possible facts that might allow the complaint to proceed further.

 ERISA preempts any actions related to employee benefit plans. *See* 29 U.S.C. § 1001(a), *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Included in the definition of employee benefit plans are employee welfare benefit plans. *See* 29 U.S.C. § 1002(3). An employee welfare benefit plan is defined as:

> ... any plan, fund, or program which is heretofore or is hereafter established or maintained by an employer or by an employee organization, or both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, *through insurance or otherwise,* (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment.... (Emphasis added).

29 U.S.C. § 1002(1).

There are ample factual allegations in the complaint for the Court to conclude that the insurance benefits were provided under a qualifying employee welfare benefit plan. In Paragraph 9 of the Amended Complaint, Plaintiff alleges that the injuries were covered by a group health insurance plan. In Paragraph 10, Plaintiff alleges that Defendant CENTENNIAL became obligated under an Assumption Reinsurance Agreement pursuant to Plaintiff's

plan, not her contract of insurance or insurance policy, with the primary insurers. In Paragraph 28 of the Amended Complaint, Plaintiff alleges that Defendant CENTENNIAL would be taking over "her health plan," not her insurance contract or insurance policy. In Paragraph 34 of the Amended Complaint, Plaintiff alleges that "... she declined the invitation from her employer to join in *another group health plan* when said employer canceled its group policy...." (Emphasis added). Throughout the Amended Complaint, Plaintiff refers to coverage provided under "the plan" and not Plaintiff's insurance policy or contract of insurance. Of particularly compelling note is the statement contained in Paragraph 42 of the complaint, which alleges that Defendants were required to fulfill their contractual duties, not to Plaintiff under her insurance contract or insurance policy, but *pursuant to the health care plan.*

Plaintiff's Amended complaint also establishes that the coverage was provided by her employer, and not acquired individually by Plaintiff. *See* Amended Complaint Paragraphs 32 and 34. In fact, one of the few references to the any insurance policy found in the complaint is contained in paragraph 32. In that paragraph of the complaint, Plaintiff refers to "her policy," but in the context of payments made to her employer for health care benefits, not to any of the defendants.

Finally, the allegations of the complaint indicate that the coverage provided to Plaintiff was for injuries, medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. Defendants' alleged failure to provide timely or adequate coverage for Plaintiff's injuries is the crux of this cause. Thus, based on the face of the complaint, the Court finds that ERISA would preempt the case.

However, Plaintiff did provide the Court with some guidance as to why this case may not be within the ambit of ERISA's statutory preemption. In response to interrogatories, Plaintiff cited five cases dealing with situations involving whether or not ERISA would preempt a state common-law action. This Court has reviewed each of those cases, and the cases underlying those decisions, and finds that any reliance Plaintiff places on these cases is either misplaced or not established by any factual allegations contained in the body of the Amended Complaint.

*Wayne Chemical, Inc. v. Columbus Agency Service Corporation,* 567 F.2d 692 (7th Cir.1977) involved a suit by an employee and his employer against an insurer for preliminary injunction on a group health insurance policy. The case is distinguishable from the current case for a number of reasons. *Wayne Chemical* involved actions based on Indiana insurance regulatory laws, which are specifically exempted from the preemption provisions of ERISA. *See* 29 U.S.C. § 1144(b)(2)(a). The Amended Complaint in this case does not specifically plead analogous Florida insurance regulatory laws. Further, those causes of action which are pled do not arise from a statutory basis as required by 29 U.S.C. § 1144(b). Even if the Court assumes the causes of action did have a statutory basis, as the declaratory judgment demand does, the statutes would fail the preemption analysis set out in *Anshultz v. Connecticut General Life Insurance Co.,* 850 F.2d 1467 (11th Cir.1988) (whether or not a state statute regulates insurance within the meaning of the savings clause to ERISA's pre-emption clause requires that the statute transfer or spread policyholder risk, and be an integral part of the policy relationship between the insurer and the insured).

Alternatively, Plaintiff may argue, as in *Wayne Chemical,* that there was no knowledge or intent on the part of the employer to establish or participate in an employee benefit plan. If this is Plaintiff's contention, the complaint lacks any factual allegation on that issue. The Amended Complaint does not contain a single allegation that would permit this Court to make a reasonable inference that Plaintiff's group health plan was not intended as an employee benefit plan.

*Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982) involved an action by the

Secretary of Labor against trustees of an insurance trust for alleged breaches of fiduciary duty under ERISA. In an *en banc* hearing, the Eleventh Circuit distinguished a former Fifth Circuit case regarding whether or not a multiple employer insurance trust (MET) was a plan within the meaning of ERISA. The court held that while the MET was not in and of itself a plan, it might be the agent of a plan. The *Donovan* court held that

> ... in determining whether a plan, fund or program (pursuant to writing or not) is a reality a court must determine whether from the circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.... the purchase of insurance does not conclusively establish a plan, fund or program, but the purchase of a group policy or multiple policies covering a class of employees offers *substantial evidence* that a plan fund or program has been established. (emphasis added)

*Donovan*, 688 F.2d at 1373. Within the context of this case, Plaintiff might argue that the purchase of insurance by her employer does not conclusively establish the existence of a plan. However, *Donovan* goes on to hold that, while not conclusive, evidence of an insurance purchase is "substantial evidence" of a plan. There is no allegation on the face of the Amended Complaint, direct or otherwise, from which the Court could draw a reasonable inference that would controvert or rebut the evidence contained on the face of Plaintiff's Amended Complaint which suggests that a plan was established by Plaintiff's employer's purchase of a group health plan, and the additional evidence that payments made by Plaintiff to her employer were pursuant to that plan.

*Kanne v. Connecticut General Life Insurance Company*, 859 F.2d 96 (9th Cir. 1988) *superceded by* 867 F.2d 489 (1989) adopted the analysis in *Donovan*, and raises the same problems. However, the *Kanne* court also considered the possibility that certain funds could be excluded from preemption of ERISA by operation of 29 C.F.R. § 2510.3–1(j). That section exempts certain group insurance plans, if those plans:

> ... include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program to employees or members, to collect premiums through payroll deductions or dues check-offs and remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, or administrative services actually rendered in connection with payroll deductions or dues check-offs.

29 C.F.R. § 2510.3–1(j) (1987). Plaintiff's Amended Complaint could reasonably be read to support one or more of these four elements, but the Court refuses to speculate that all four requirements may be inferred from the four corners of the complaint.

Plaintiff's reliance on *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987) is misplaced. *Fort Halifax* involved the question of whether a statutory requirement of severance pay arising from a plant closing was preempted by ERISA. *Fort Halifax* is distinguishable on two grounds. First, *Fort Halifax* involved a statutory based claim, unlike the common-law based tort and contract claims at issue in the present case. Secondly, the legal distinction drawn around ERISA preemption by *Fort Halifax* regarded the question of whether a statute that required a one-time severance payment to workers in the event of a plant closing could reasonably be considered related to an employee benefit plan. Factually, there is not even a remote analogy between the statutory severance pay requirement in *Fort Halifax* and the com-

mon-law tort and contract claims found in this case.

This Court is unable to determine any possible reading of *FMC Corporation v. Holliday,* —— U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) that would support a non-preemption claim by Plaintiff. Any fair reading of *FMC* suggests that the holding of the Supreme Court belies any claim by Plaintiff that this case is not within the ambit of ERISA. *FMC* holds that even in the extreme instance where an employer self-funds a health care plan for employees, that plan qualifies as an employee benefit plan *for the purposes of* ERISA's preemption of state law.

Therefore, this Court must conclude from the face of the complaint, as it is currently pled, that no fair and reasonable interpretation of the facts alleged would support an assertion that the causes alleged are not preempted by ERISA.

ORDERED, that Plaintiff's complaint is DISMISSED, without prejudice, for failure to state a claim for which this court may grant relief. Plaintiff may file an amended complaint within ten days. If no amended complaint is filed, the Clerk shall enter a final judgment of dismissal.

DONE and ORDERED.