**Robert LOWE, Plaintiff,**

v.

**TELESAT CABLEVISION INC.,
a Florida Corporation,
Defendant.**

**No. 93–468–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

July 9, 1993.

Eduardo R. Latour, Latour & Associates, P.A., Tarpon Springs, FL, for plaintiff,

Ralph C. Losey, Subin, Shams, Rosenbluth & Moran, P.A., Orlando, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant's motion to dismiss. Plaintiff has entered a response to Defendant's motion to dismiss.

### STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, when ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### BACKGROUND

Plaintiff, Robert Lowe, originally brought this action against Defendant, Telesat Cablevision, Inc., a Florida Corporation, in the Circuit Court of the State of Florida, in and for the County of Pasco. The complaint alleged that Defendant intentionally, willfully, and/or negligently gave inaccurate information regarding the time period of service Plaintiff had completed, to the Life Insurance Company of North America (hereinafter, the Plan). Defendant, through the Plan, had provided short-term and long-term disability benefits to Plaintiff. Plaintiff was involved in an automobile accident which left him permanently and totally disabled. Plaintiff asserts in his complaint, that because Defendant supplied this inaccurate information, the Plan denied Plaintiff's request for long-term disability benefits. Plaintiff states that his loss of long-term disability benefits, which could exceed the sum of $1,000,000.00 during his lifetime, is a direct and proximate result of Defendant's failure to accurately report to the Plan.

Defendant removed this action to this Court on the basis that this complaint involved a federal question under 29 U.S.C. § 1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA"). Defendant then filed a motion to dismiss. Plaintiff responded and filed a motion to remand this case to the state court. This Court denied Plaintiff's motion for remand. Defendant's motion to dismiss is now pending before this Court, and is the subject of this order.

### DISCUSSION

Defendant asserts two reasons why this Court should dismiss Plaintiff's claim. Based on Defendant's assertions, the Court, for the reasons that follow, agrees in part with the Defendant.

I.

First, Defendant argues in its "Memorandum in Support of Motion to Dismiss," that ERISA preempts Plaintiff's claim against Defendant in the instant case. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Furthermore, Defendant asserts that it is proper to remove a case to federal court on the basis of preemption, even where Plaintiff did not plead an ERISA action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Plaintiff, in his "Memorandum in Response to Defendant's Motion to Dismiss Com-

plaint," asserts that he is entitled to bring this cause of action because he may present a claim for Defendant's breach of fiduciary duty and or Defendant's failure to maintain adequate records. Plaintiff cites *Combs v. King* in which the Eleventh Circuit held that an employer has a duty under ERISA to maintain records of the hours worked by employees. *Combs v. King,* 764 F.2d 818 (11th Cir.1985).

■ The Court agrees with Defendant that ERISA preempts Plaintiff's state law claim and adopts Defendant's reasoning regarding this issue. As this Court stated in a previous decision, "if the insurance coverage provided to Plaintiff was provided under an employee benefit plan, Plaintiff's causes of action are preempted by ERISA." *Henry v. Robey–Barber Ins. Services Corp.,* 777 F.Supp. 1554 (M.D.Fla.1991), *citing, Dedeaux,* 481 U.S. at 41, 107 S.Ct. at 1549. The Eleventh Circuit has upheld this proposition that ERISA preempts state law claims. *Anschultz v. Conn. General Life Ins. Co.,* 850 F.2d 1467 (11th Cir.1988).

Furthermore, the Court does not disagree with Plaintiff that he is entitled to bring a claim for breach of fiduciary duty and or failure to maintain adequate records. Rather, Plaintiff, in order to assert a proper claim, must make a claim under ERISA and not state common law.

This Court, therefore, concludes on the issue of preemption that Defendant is correct in its assertion that ERISA preempts Plaintiff's state law claim. Plaintiff cannot proceed on the state law claim.

II.

Second, Defendant argues that this Court should dismiss Plaintiff's claim based on the theory of res judicata. Defendant states that Plaintiff had previously filed a state court case which was removed to federal court, *Lowe v. Life Ins. Co. of North America and Telesat Cablevision, Inc.,* for disability benefits under the Plan, based on the same facts and essentially the same causes of action. Defendant has asserted the same argument on the issue of collateral estoppel.

■■ The Court finds Defendant incorrect on the issue of res judicata. A plaintiff

is barred by res judicata in a subsequent suit if four elements are present:

(1) a final judgment on the merits rendered in the previous suit; (2) the judgement was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both cases; and (4) the same cause of action is involved in both cases.

*Thomas v. Evans,* 880 F.2d 1235, 1240 (11th Cir.1989). In the instant case, Plaintiff's second cause of action against Defendant does not meet all four elements of the test, as required, to invoke a bar of res judicata. The fourth prong of the test has not been met because Plaintiff has brought a cause of action with a completely distinct issue from his first action. Plaintiff brought its first claim against Defendant solely to recover benefits under the Plan. In the instant case, however, Plaintiff brought a cause of action on the new ground that Defendant intentionally, willfully, and or negligently breached its fiduciary duty to Plaintiff by providing inaccurate information to the Plan. The Court concludes, therefore, that Plaintiff's cause of action cannot be dismissed on the issue of res judicata. Accordingly it is

**ORDERED** that Defendant's motion to dismiss be **granted** in part on the issue of preemption **with leave for Plaintiff to amend** his complaint within ten (10) days of the date of this order, and, **denied** in part on the issues of res judicata and collateral estoppel.

**DONE and ORDERED.**