13 F.3d 1548
 Fed. Sec. L. Rep. P 98,070
David HILL; Mailon Kent, Jr.; Ronald C. McCoy; Peggy S.
McCoy; James A. Sparacio; Glenda S. Sparacio;
George M. Hill; Hardin & Hollis Profit
Sharing Plan, Plaintiffs-Appellants,
v.
C. Henry MARSTON, who is sued individually and as a partner
in the law firm of Cabiness, Johnston, Gardner,
Dumas & O'Neal, Defendant-Appellee.
 No. 93-6133.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 15, 1994.
 
 James L. Shores, Jr., Birmingham, AL, for plaintiffs-appellants.
 W. Michael Atchison, Birmingham, AL, for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HATCHETT and COX, Circuit Judges, and RONEY, Senior Circuit Judge.
 RONEY, Senior Circuit Judge:
 
 
 1
 Plaintiffs appeal the district court's denial of their motion for remand to state court, alleging a lack of federal subject matter jurisdiction. We reverse, holding that the federal court had no jurisdiction to entertain this civil lawsuit brought under Alabama state securities law, even though the case may involve some interpretation of related federal securities law.
 
 
 2
 This case involves the sale of shares of stock issued by Cooper & Greiler Diversified Companies, Inc. Plaintiffs David Hill, Mailon Kent, Jr., Ronald C. McCoy, Peggy S. McCoy, James A. Sparacio, Glenda S. Sparacio, and George M. Hill are Alabama residents and purchasers of stock. Plaintiff Hardin & Hollis Profit Sharing Plan (the "Plan") is an employee benefit plan located in Alabama that also purchased stock. Defendant C. Henry Marston is an attorney involved with the issuance of the stock.
 
 
 3
 The determination of whether plaintiffs' case arises under federal law is made by reference to the complaint.[1] Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 2846-47, 77 L.Ed.2d 420 (1983). A defense that raises a federal question is inadequate to invoke federal question jurisdiction. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). The complaint alleges that the eight plaintiffs bought a total of 768,000 shares of stock issued by Cooper & Greiler. Each share cost $1, but plaintiffs allege the stock is now worthless. Plaintiffs allege that, in deciding to buy the stock, they relied on a confidential private placement memorandum (the "Memorandum") prepared by defendant Marston, acting as legal counsel for Cooper & Greiler in connection with the offering of the stock in that company. They sued Marston for negligence, breach of contract, and violations of the Securities Act of Alabama.
 
 
 4
 The complaint was filed in state court. Defendant removed the case to federal court on the basis that the complaint stated claims under the Securities Exchange Act of 1934 and the Employee Retirement Income Security Act of 1974 ("ERISA"), claims "arising under" federal law and therefore subject to removal. 28 U.S.C.A. Sec. 1441(b). Plaintiffs claim they have alleged only a state cause of action.[2]
 
 
 5
 As a general rule, a case "arises under" federal law only if it is federal law that creates the cause of action, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, but it may also arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." Id. at 9, 103 S.Ct. at 2846 (citations omitted).
 
 
 6
 In addition to common law negligence and breach of contract claims, plaintiffs contend defendant violated the registration requirement of the Alabama Securities Act, Ala.Code Sec. 8-6-4 (1974). In the absence of allegations alleging a violation of federal laws, defendant points to references in the complaint to defendant's professed expertise in federal corporate securities law.[3] The complaint repeatedly refers to the failure of the Memorandum to comply with federal as well as state laws applicable to the sale of corporate securities.[4]
 
 
 7
 Plaintiffs' inclusion as elements of their state law claims defendant's knowledge of federal securities law and his failure to comply with certain aspects of that law does not automatically transform what are in all other respects state law claims into federal claims. The complaint contains no express allegation that defendant violated any specific federal securities laws.
 
 
 8
 Plaintiffs' right depends almost solely on analysis of state laws regarding negligence, breach of contract, and sale of securities. Indeed, the only indication of the involvement of a specific federal law in the complaint is in connection with a state statutory section that incorporates a portion of the Securities Exchange Act of 1933, not the 1934 Act asserted by the defendant. There is, of course, an anti-removal provision in the 1933 Act. 15 U.S.C. Sec. 77v(a).
 
 
 9
 The fact that part of the state statutory scheme requires some analysis of federal law, however, is insufficient to invoke federal jurisdiction. See Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205, 214-15, 54 S.Ct. 402, 405-06, 78 L.Ed. 755 (1934) ("[I]t does not follow that a suit brought under the state statute which defines liability to employees who are injured while engaged in intrastate commerce, and brings within the purview of the statute a breach of the duty imposed by the federal statute, should be regarded as a suit arising under the laws of the United States and cognizable in the federal court in the absence of diversity of citizenship."). Moore makes clear that violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action.
 
 
 10
 In relying on the analytical method set forth in Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), defendant argues that the availability of a federal cause of action for violations of Rule 10b-5, "clearly suggests the federal character of plaintiffs' claims thereby justifying federal jurisdiction over the same." The complaint, however, makes no reference to Rule 10b-5, does not attempt to allege a 10b-5 cause of action, and plaintiffs deny invoking a remedy under federal law.
 
 
 11
 It is the failure of the complaint to allege a violation of federal securities laws, rather than mere failure to comply with federal law, that distinguishes two district court cases relied upon by defendant. In Berg v. Leason, 793 F.Supp. 930 (N.D.Cal.1992), plaintiff brought a malicious prosecution case against persons who had sued plaintiff for violations of the Securities Exchange Act of 1934, Rule 10b-5 and RICO, and federal securities fraud. The district court denied the motion to remand to state court because the malicious prosecution case required analysis of underlying federal issues that were the express basis of the original federal complaint on which the claim is based. Unlike Berg, plaintiffs' complaint contained no explicit reference to violations of federal law.
 
 
 12
 In Bacardi v. Bacardi Corp., 677 F.Supp. 253 (D.Del.1988), minority shareholders brought an action against the corporation over disagreements with the corporation's business policies. The company had filed a Form 15 certificate under Sections 12(g) and (h) of the Securities Exchange Act of 1934, stating it was exempt from the Act's registration and reporting requirements. Plaintiffs challenged that action, requesting an injunction ordering the defendant to withdraw its Form 15 certificate and to notify the SEC that the corporation is subject to reporting and registration requirements. Defendants asserted they did not intend to allege a federal claim, but the district court held that whether Bacardi had to register and submit information to the SEC was an obligation created by provisions of the 1934 Act. Therefore, the federal court had exclusive jurisdiction.
 
 
 13
 Defendant contends that the claims asserted by the Profit Sharing Plan provide a separate and independent basis for federal question jurisdiction under the Employment Retirement Income Security Act of 1974 ("ERISA"). ERISA preempts all state laws and state law claims insofar as they relate to an employee benefit plan. 29 U.S.C.A. Sec. 1144(a).
 
 
 14
 There is no question that plaintiff Hardin and Hollis Profit Sharing Plan is "an employee benefit plan" as that term is defined by Section 3 of ERISA, 29 U.S.C.A. Sec. 1002. But there is no express allegation pertaining to ERISA, nor is there any reference to claims regarding direct or indirect regulation of an employee benefit plan. The mere fact that an ERISA plan is a plaintiff in a lawsuit does not bring the ERISA preemption statute into play.
 
 
 15
 In all of the cases cited by defendant, beneficiaries of an employee benefit plan brought claims for benefits against the plan,[5] or for compensatory damages in the form of loss of employee benefits.[6] The claim in each of these cases arose out of the administration of benefits under the plan, unlike the instant case.
 
 
 16
 Defendant asserts that the state common law claims of negligence and breach of contract are in effect claims alleging breach of a fiduciary duty under ERISA. See Cox v. Eichler, 765 F.Supp. 601 (N.D.Cal.1990). In Cox, the defendant advisors were retained by plaintiffs to advise the Plan concerning investments and to manage the Plan's assets. These advisors were given discretionary authority to make investments on behalf of the Plan. The court found that these advisors fell squarely within the definition of an ERISA fiduciary under Section 1002(21)(A). There is no allegation of such a relationship in this case. Defendant Marston was not a fiduciary advisor for the Plan.
 
 
 17
 Thus, the complaint alleges no claims "arising under" federal law and removal was improper. We reverse the district court's order and remand with instructions to the district court to remand this case to state court.
 
 
 18
 REVERSED and REMANDED.
 
 APPENDIX
 
 19
 IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
 
 
 20
 David Hill, Mailon Kent, Jr., Ronald C. McCoy, Peggy S.
 
 
 21
 McCoy, James A. Sparacio, Glenda S. Sparacio,
 
 George M. Hill, and Hardin & Hollis
 
 22
 Profit Sharing Plan, Plaintiffs,
 
 
 23
 v.
 
 
 24
 C. Henry Marston, who is sued individually and as a partner
 
 
 25
 in the law firm of Cabiness, Johnston, Gardner,
 
 
 26
 Dumas & O'Neal, Defendant.
 
 Civil Action Number CV9205633
 Filed in Office July 13, 1992
 COMPLAINT
 
 27
 1. The plaintiffs, Dave Hill, Mailon Kent, Jr., Ronald C. McCoy, Peggy S. McCoy, James A. Sparacio, Glenda S. Sparacio, and George M. Hill are adult resident citizens of the State of Alabama. The plaintiff Hardin & Hollis Profit Sharing Plan is a profit sharing plan having its principal place of business in Jefferson County, Alabama.
 
 
 28
 2. The defendant C. Henry Marston is an adult resident citizen of the State of Alabama and a partner in the law firm of Cabiness, Johnston, Gardner, Dumas & O'Neal with offices in Jefferson and Mobile Counties in the State of Alabama.
 
 
 29
 3. This action is brought against the defendant as a result of defendant's negligence, breach of contract and violations of the Securities Act of Alabama, by reason of having acted in concert with Carter L. Cooper, Charles Grelier and Cooper & Grelier Diversified Companies, Inc. (the "Company") to offer and to sell to the plaintiffs shares of the Class B Common Stock (the "Shares") of the Company by means of a confidential private place offering memorandum dated June 22, 1990 (the "Memorandum").
 
 
 30
 4. The defendant represented to the Company that he and the his law firm were competent and skilled in providing legal services for matters involving corporations and the federal and state laws applicable to corporate securities.
 
 
 31
 5. The Company retained the defendant to perform all requisite legal services for the Company in connection with the offer and sale of up to 5,000,000 shares of the Class B Common Stock at a selling price of $1.00 per share, which offering commenced June 22, 1990 and ended on or about June 21, 1991.
 
 
 32
 6. The defendant prepared the Memorandum with knowledge that it was to be used by the Company to make the offer to sell the Shares to persons, including the plaintiffs, who would purchase the Shares in reliance upon the Memorandum.
 
 
 33
 7. The plaintiff David Hill purchased 75,000 Shares from the Company for $75,000 on or about November 7, 1990. The plaintiff Mailon Kent, Jr. purchased 75,000 Shares from the Company for $75,000 on or about November 7, 1990. The plaintiffs Ronald C. McCoy and Peggy S. McCoy purchased 218,000 Shares from the Company for $218,000 July 16, 1990. The plaintiffs James A. Sparacio and Glenda S. Sparacio purchased 75,000 shares from the Company for $75,000 on or about July 25, 1990. The plaintiff George M. Hill purchased 75,000 shares from the Company for $75,000 on or about July 25, 1990. The plaintiff Hardin & Hollis Profit Sharing Plan purchased 250,000 shares from the Company for $250,000 on or about July 31, 1990.
 
 
 34
 8. The Shares are worthless and have no value.
 
 Count One
 
 35
 9. The allegations of paragraphs 1 through 8 are hereby adopted and realleged.
 
 
 36
 10. The defendant was aware the Memorandum was to be used by the Company for the particular purpose of offering and selling the Shares to persons including the plaintiffs.
 
 
 37
 11. The defendant was aware the Company intended that the purchasers of the Shares rely upon the Memorandum in making their decision to purchase the Shares.
 
 
 38
 12. The defendant was aware of the identity of the purchasers of the Shares when those purchasers, including the plaintiffs, made their decision to purchase the Shares by executing a subscription agreement prepared by the defendant and paying their money to AmSouth Bank, N.A., appointed by the Company to serve as escrow agent, pursuant to an escrow agreement prepared by the defendant.
 
 
 39
 13. The defendant was negligent in the preparation of the Memorandum in that he failed to prepare the Memorandum in accordance with the rules governing the limited offer and sale of securities under the state and federal laws applicable to the sale of corporate securities.
 
 
 40
 14. As a proximate consequence of the negligence of the defendant, each of the plaintiffs has been injured in that the Shares they purchased in reliance on the Memorandum are worthless and have no value.
 
 Count Two
 
 41
 15. The allegations of paragraphs 1 through 12 are hereby adopted and realleged.
 
 
 42
 16. The Company and the defendant entered into an agreement whereby the defendant agreed to prepare the Memorandum with the intent that persons, including the plaintiffs, to whom offers would be made and who would purchase the Shares, would rely upon the Memorandum as having been prepared in accordance with the laws applicable to corporate securities.
 
 
 43
 17. The defendant breached his agreement with the company and his duty to the plaintiffs in that the defendant did not prepare the Memorandum in accordance with the laws applicable to corporate securities.
 
 
 44
 18. As a proximate consequence of the defendant's breach of his agreement with the company and duty to the plaintiffs, the plaintiffs have been injured in that the Shares they purchased in reliance on the Memorandum are worthless and have no value.
 
 Count Three
 
 45
 19. The allegations of paragraphs 1 through 12 and 16 are hereby adopted and realleged.
 
 
 46
 20. The Shares are a security within the meaning of the Securities Act of Alabama [ALA.CODE Sec. 8-6-2(10) (1975) ], which Act provides that it shall be unlawful to offer and sell securities in the State of Alabama unless the securities have been registered with or unless the shares are exempted from registration with the Alabama Securities Commission [ALA.CODE Sec. 8-6-4 (1975) ].
 
 
 47
 21. The Company offered to sell and did sell the Shares to the plaintiffs in violation of the registration requirement of the Securities Act of Alabama and the Rules applicable thereto as promulgated by the Alabama Securities Commission in that the financial statements of the Company included in the Memorandum did not meet the certification requirement of Regulation D promulgated under the federal Securities Act of 1933 by the federal Securities and Exchange Commission. A copy of the pertinent portion of Regulation D is attached hereto as Exhibit A.
 
 
 48
 22. The defendant did materially aid the Company in the offer and sale of the Shares.
 
 
 49
 23. The plaintiffs hereby tender their shares to the defendant and demand return of the consideration paid for the securities pursuant to ALA.CODE Sec. 8-16-19(a) (1975).
 
 Count Four
 
 50
 24. The allegations of paragraphs 1 through 12, 16 and 20 through 23 are hereby adopted and realleged.
 
 
 51
 25. The defendant did materially aid the Company in the offer and sale of the Shares by means of preparing the Memorandum that contains untrue statements of material fact or omits statements of material fact about the financial condition of the Company which of necessity should have been made in light of the circumstances, to prevent the statements that were made in the Memorandum from being misleading. The Memorandum worked to the detriment of the plaintiffs, who relying upon the memorandum, purchased shares of the Company without knowledge of the untruths and omissions contained therein, and through the exercise of reasonable care could not have known of the untruth or omissions of statements of material fact.
 
 
 52
 WHEREFORE, the plaintiffs demand judgment against the defendant as follows:
 
 
 53
 A. Damages for each plaintiff in such sum in excess of $5,000 as shall be determined by the jury.
 
 
 54
 B. Reasonable attorney's fees.
 
 
 55
 C. Costs of court.
 
 
 56
 D. Such other, further and different relief as the court determines to be appropriate.
 
 
 57
 /s/ James L. Shores
 
 James L. Shores
 Attorney for Plaintiff
 
 58
 Plaintiffs demand a trial by jury.
 
 
 59
 /s/ James L. Shores
 
 Attorney for Plaintiff
 HATCHETT, Circuit Judge, dissenting:
 
 60
 This case presents a close question of federal jurisdiction: Whether a party's complaint involves a "substantial question of federal law," where it predicates its claims, in part, upon the defendant's violations of federal securities law although not citing a specific federal law. Because the plaintiffs predicate three of their four claims (Counts I, II, and III) on the interpretation and application of federal securities law, the complaint involves a "substantial question of federal law." I respectfully dissent because the majority opinion too narrowly restricts what constitutes a substantial question of federal law.
 
 
 61
 Title 28 U.S.C. Sec. 1441 permits the removal of any civil action brought in state court if "founded on a claim or a right arising under the Constitution, treaties or laws of the United States...."
 
 
 62
 [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.
 
 
 63
 Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Thus, federal district courts maintain federal question jurisdiction over cases in which "a well pleaded complaint establishes either that a federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Franchise Tax Board, 463 U.S. at 27-28, 103 S.Ct. at 2855 (emphasis added). Such a substantial question of federal law exists in this case.
 
 
 64
 In their complaint, the plaintiffs repeatedly predicate their claims and their right to civil damages on the defendant's failure to comply with federal securities law. Specifically, in paragraph four of the complaint, the plaintiffs allege that the defendant "represented to Company that he and ... his law firm were competent and skilled in providing legal services for matters involving corporations and the federal and state laws applicable to corporate securities." (Emphasis added.) In their state law claim for negligence (Count I) the plaintiffs allege that the defendant was negligent in the preparation of the Memorandum "under ... federal laws applicable to the sale of corporate securities." (Emphasis added.) Likewise, in their breach of contract claim (Count II) plaintiffs allege that the defendant breached an agreement in which he agreed to prepare a Memorandum, representing that Memorandum "as having been prepared in accordance with the laws applicable to corporate securities." This reference obviously refers to federal securities law.
 
 
 65
 More specifically, Count III of the plaintiffs' complaint alleges:
 
 
 66
 The Company offered to sell and did sell the Shares to the plaintiffs in violation of the registration of the Securities Act of Alabama and the Rules applicable thereto as promulgated by the Alabama Securities Commission in that the financial statements of the Company included in the Memorandum did not meet the certification requirement of Regulation D promulgated under the federal securities Act by the Federal Securities and Exchange Commission. (Emphasis added.)
 
 
 67
 Additionally, plaintiffs attached a copy of federal Regulation D to the complaint.
 
 
 68
 In Counts I and II, the plaintiffs allege that the defendant violated federal securities law and that those violations entitle them to relief. In Count III the plaintiffs allege a violation of federal securities law with great specificity, actually identifying the federal provision which they allege the defendant violated. Because plaintiffs predicate recovery upon federal securities law, resolution of these claims requires the interpretation and application of federal law. Thus, this is not a case where the complaint merely contains a passing reference to a federal statute or alleged facts that only remotely involved a federal question. See Gulley v. First National Bank, 299 U.S. 109, 117, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936) (federal jurisdiction does not extend to cases in which a question of federal law is merely "lurking in the background"). Rather, the plaintiffs predicate their right to recovery upon the construction and application of federal law requiring the resolution of a substantial question of federal law.
 
 
 69
 Because the plaintiffs' right to relief involves a substantial question of federal securities law the case was properly removed. If the plaintiffs did not intend to maintain federal claims, they should have drafted a complaint that made no reference to federal law. In choosing to make such references, the plaintiffs show their true intent--to prove violations of federal securities law in order to obtain relief.
 
 
 70
 Although not specifically named, the references to federal securities law in the plaintiffs' complaint clearly state a claim for relief under the Securities Exchange Act of 1934 (the 1934 Act). 15 U.S.C. Sec. 78j. The 1934 Act provides in part that:
 
 
 71
 It shall be unlawful for any person, directly or indirectly, by use of means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange--
 
 
 72
 ....
 
 
 73
 (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative of deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.
 
 
 74
 Federal courts maintain exclusive jurisdiction over all suits brought to enforce any liability or duty the 1934 Act creates. 15 U.S.C. Sec. 77aa. See also Guinasso v. Pacific First Fed. Sav. & Loan Ass'n, 656 F.2d 1364, 1367 n. 7 (9th Cir.1981) (district courts maintain jurisdiction over matters substantially reliant on propositions that define federal rights, duties, or relationships, even if the plaintiff does not seek a federal remedy), cert. denied, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982). Because the plaintiffs requested relief within the federal district court's exclusive jurisdiction, the complaint states a claim for relief arising under federal law. It was properly removed.
 
 
 75
 The majority cites Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934), to support its conclusion "that a violation of a federal standard as an element of a state tort [claim] does not fundamentally change the state nature of the action." 291 U.S. at 215, 54 S.Ct. at 406. This characterization misconstrues Moore. In Moore, plaintiff's brought a state tort claim which included a federal element. In rejecting the defendant's attempt to remove the case to federal court the Supreme Court stated:
 
 
 76
 The Federal Safety Appliance Acts, while prescribing absolute duties, and thus creating correlative rights in favor of injured employees, did not attempt to lay down rules governing actions enforcing these rights. The original Act ... made no provision for suits....
 
 
 77
 ....
 
 
 78
 The Safety Appliance Acts having prescribed the duty in this fashion, the right to recover damages sustained by the injured employee through the breach of duty sprang from the principle of the common law ... and was left to be enforced accordingly....
 
 
 79
 Moore, 291 U.S. at 215-16, 54 S.Ct. at 406 (emphasis added) (citations omitted). Thus, the Supreme Court's holding turned on whether a federal right of action existed under the federal statute, to vindicate a plaintiffs rights, not upon whether the claim included a federal standard as an element of the state claim. This distinction exists today. See Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 810-11, 103 S.Ct. at 3233, 92 L.Ed.2d 650 (1986) (primary consideration in determining whether original federal question jurisdiction exists is whether a private federal remedy is provided in the federal statute).
 
 
 80
 Unlike the Federal Safety Appliance Acts in Moore, the federal securities law contained in the plaintiffs' complaint, namely the 1934 Act, has an implied private federal remedy. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 730, 95 S.Ct. 1917, 1922, 44 L.Ed.2d 539 (1975); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 198, 96 S.Ct. 1375, 1383, 47 L.Ed.2d 668 (1976). The existence of a federal remedy in this case distinguishes it from Moore. In failing to address this distinction, the majority disrupts well-settled law concerning federal jurisdiction.
 
 
 81
 Because the district court maintains exclusive jurisdiction over the plaintiffs' federal claims, and pendent jurisdiction over the state claims, this case should not be remanded to state court.
 
 
 
 [1]
 A copy of the complaint is attached hereto as an Appendix
 
 
 [2]
 After defendants removed the case to the United States District Court for the Northern District of Alabama, the district court denied the plaintiffs' motion for remand to state court, but stated that an immediate appeal is appropriate because "the denial of the motion to remand involves a controlling question of law as to which there is substantial ground for difference of opinion." This Court granted plaintiffs permission to appeal pursuant to 28 U.S.C.A. Sec. 1292(b)
 
 
 [3]
 Specifically, the complaint states that "[t]he defendant represented to the Company that he and the [sic] his law firm were competent and skilled in providing legal services for matters involving corporations and the federal and state laws applicable to corporate securities."
 
 
 [4]
 The complaint also alleges that "[t]he defendant was negligent in the preparation of the Memorandum in that he failed to prepare the Memorandum in accordance with the rules governing the limited offer and sale of securities under the state and federal laws applicable to the sale of corporate securities." (Emphasis provided by Court). Plaintiffs also made two references to defendant's alleged failure to prepare the Memorandum "in accordance with the laws applicable to corporate securities."
 
 
 [5]
 Brown v. Connecticut Gen. Life Ins., 934 F.2d 1193 (11th Cir.1991); Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir.1987); Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277 (11th Cir.1987)
 
 
 [6]
 Phillips v. Amoco Oil Co., 799 F.2d 1464 (11th Cir.1986), cert. denied 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987)