**Walter H. HECKELMANN, Plaintiff,**

v.

**PIPING COMPANIES, INC. and Industrial Services Technologies, Inc., Defendants.**

**No. 95–C–345–K.**

United States District Court, N.D. Oklahoma.

July 14, 1995.

Earl W. Wolfe, Tulsa, OK, for plaintiff.

Kathy R. Neal, Lynn Paul Mattson, Kristen L. Brightmire, Doerner Saunders Daniel & Anderson, Tulsa, OK, for Piping Companies, Inc., Industrial Services Technologies, Inc.

## ORDER

KERN, District Judge.

Before the Court is the motion of the plaintiff to remand. Plaintiff commenced this action on March 17, 1995 by filing a two-count petition in the District Court of Tulsa County, Oklahoma. In his first cause of action, plaintiff (a Colorado resident) alleges breach of contract against Piping Companies, Inc. ("PCI"), an Oklahoma corporation, and Industrial Services Technologies, Inc.

("IST"), a Colorado corporation. Plaintiff alleges that IST does business in Oklahoma though PCI, a wholly owned subsidiary. The first cause of action alleges plaintiff and IST entered into an employment contract on December 19, 1991, by which plaintiff served as Vice–President and Chief Operating Officer of IST and as a Director of PCI. Plaintiff alleges IST breached the employment agreement by failing to provide certain benefits which were contractually required and ultimately by terminating the contract on July 2, 1993.

In plaintiff's second cause of action, he alleges he was 63 years old at the time of his termination, and defendants replaced him with a younger person. The petition then states: "Such action by Defendants amounts to discrimination against Plaintiff which violates the public policy of the United States of America, the State of Oklahoma and the State of Colorado." (Petition at 4).

Defendants timely removed the action to this Court. In the Notice of Removal, defendants assert: "This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), (b), and (c) based upon federal question jurisdiction; namely, age discrimination." (Notice of Removal at 1). Plaintiff then filed a motion to remand, contending his second cause of action is brought under state law, not the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. In his supporting brief, plaintiff details his reliance upon Burk v. K–Mart Corp., 770 P.2d 24 (Okla.1989), in which the Supreme Court of Oklahoma recognized a wrongful discharge action "in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." Id. at 28.

Referring to the allegation in the petition that his discharge was contrary to the public policy of the United States, plaintiff avers the "public policy of the United States is represented by the [ADEA]." (Brief of Plaintiff in Support of Motion to Remand at 2, n. 4).

However, plaintiff reaffirms that his claim is one under Oklahoma common law, citing his failure to even attempt to exhaust administrative remedies and the absence of federal preemption in this area. Defendants' response is that the face of the petition raises all the allegations necessary to state an ADEA claim, and therefore federal jurisdiction exists.

■ 28 U.S.C. § 1441(a) permits removal of a civil action brought in a state court when "the district courts of the United States have original jurisdiction." Under § 1441(b), a civil action "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States" is removable. § 1441(c) allows removal of an entire case if a separate and independent claim within a district court's original jurisdiction is joined with an otherwise non-removable claim. The burden of establishing federal jurisdiction is on the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Because removal jurisdiction raises significant federalism concerns, the Court must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In this case, diversity jurisdiction not being present, the propriety of removal depends on whether the case falls within the provisions of 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

■ The governing principles in this area are easily stated, but not always easily applied to the facts of a case. The determination of whether plaintiff's case arises under federal law is made by reference to the complaint. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Under the "well-pleaded complaint rule", federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law *creates* the cause of action. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Here, plaintiff made no reference to the specific provisions of the ADEA. He alleged a violation of "the public policy of the United States." It is the *Burk* decision which permits a cause of action based upon violation of public policy. In light of *Burk* and the Oklahoma Anti–Discrimination Act, 25 O.S. § 1101 *et seq.*, it cannot be said that plaintiff's claim is created by federal law.

■ However, the Supreme Court has also recognized a case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax*, 463 U.S. at 9, 103 S.Ct. at 2846. In *Merrell Dow*, the Supreme Court said "this statement must be read with caution". 478 U.S. at 809, 106 S.Ct. at 3233. The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. *Id.* at 813, 106 S.Ct. at 3234. Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *Id.* at 809 n. 6, 106 S.Ct. at 3233 n. 6. The party who brings a suit is master to decide what law he will rely upon. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. Nevertheless, "occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization ... If, however, there is a choice between federal and state remedies, the federal courts will not ignore the plaintiff's choice of state law as the basis for the action." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*, § 3722 at 268–270, 275–76 (1985) (footnotes omitted).

■ In their surreply, defendants disavow any reliance on a federal preemption argument; in any event, plaintiff is correct that

the ADEA does not preempt state laws permitting recovery for age discrimination. *See Moody v. Pepsi–Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 210 (6th Cir.1990). However, plaintiff has expressed partial reliance upon the ADEA by invoking the "public policy of the United States" in his petition. The Oklahoma Anti-discrimination Act also cites federal law. 25 O.S. § 1101(A) states "[t]he general purposes of this act are to provide for execution within the state of the policies embodied in ... the federal Age Discrimination in Employment Act of 1967...." Both 25 O.S. § 1302(A)(1) and 29 U.S.C. § 623(a)(1) make it unlawful to discharge an individual because of age.[1] Whether a *Burk* action which relies, in part, upon violation of federal law is properly removable appears to be a question of first impression in Oklahoma.

*Moore v. Chesapeake & Ohio R. Co.*, 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934), has been held to stand for the broad propositions that "violation of a federal standard as an element of a state tort recovery does not fundamentally change the state tort nature of the action" and "[t]he fact that part of the state statutory scheme requires some analysis of federal law ... is insufficient to invoke federal jurisdiction." *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir.1994). The plaintiff in *Moore* brought an action under Kentucky's Employer Liability Act. The Act provided a plaintiff could not be held responsible for contributory negligence or assumption of risk where his injury resulted from the violation of any state *or* federal statute enacted for the safety of employees. Therefore, violation of a federal standard was only "an element" of a state tort recovery in the sense of analyzing the employer's defense, not the plaintiff's claim.

In the case at bar, by contrast, defendants contend the federal standard is an element of the plaintiff's claim, being incorporated by the petition and by state law. While not citing these decisions, defendants essentially argue this case requires application, not of *Moore*, but of *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). *Smith* stands for the principle that federal question jurisdiction exists over a state-created cause of action if the plaintiff's right to relief depends upon the construction or application of federal law, when the federal claim is not merely colorable and rests upon a reasonable foundation.[2] *See also Franchise Tax Board*, 463 U.S. at 28, 103 S.Ct. at 2856 (there is federal jurisdiction under § 1331 where the plaintiff's right to relief "necessarily depends" upon resolution of a substantial question of federal law).

In *Merrell Dow*, the Supreme Court's most recent decision in this area, a consumers' state court action against a drug manufacturer alleged in part the manufacturer had violated provisions of the Federal Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. § 301 *et seq.*[3] The Court assumed, based upon the agreement of the parties, no federal cause of action existed for FDCA violations. The Court stated that the congressional determination not to provide a private cause of action under a federal statute "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814, 106 S.Ct. at 3235 (footnote omitted). The Court concluded federal jurisdiction did not exist. Here, Congress has provided for a private cause of action through the ADEA, but this does not end the inquiry. "In in-

---

1. Inasmuch as both statutes use the words "because of", the issue of differing burdens of proof is not present. *Cf. Bentley v. Cleveland County Bd. of County Commissioners*, 41 F.3d 600, 605–06 (10th Cir.1994).

2. In *Merrell Dow*, the majority sought to reconcile *Smith* and *Moore* by focusing on the differences in the *nature* of the federal issues at stake. 478 U.S. at 814 n. 12, 106 S.Ct. at 3235 n. 12. The four-member minority in *Merrell Dow* found the two decisions irreconcilable, and pronounced

*Moore* "moribund" in contrast to *Smith*'s "continuing vitality." *Id.* at 820–21 & n. 1, 106 S.Ct. at 3238–39 & n. 1.

3. One of the causes of action alleged the drug Bendectin was "misbranded" in violation of the federal act, that the federal violation raised a presumption of negligence and that the violation of the federal statutes was a proximate cause of the injuries suffered.

stances in which a private federal remedy does exist, the ultimate question under *Merrell Dow* is whether Congress intended that such an action, based on state law but incorporating a violation of federal law, be brought in federal court." *Mulcahey v. Columbia Organic Chemicals Co., Inc.,* 29 F.3d 148, 152 (4th Cir.1994). Congressional intent is plain that an ADEA action *may,* but need not, be brought in federal court. 29 U.S.C. § 626(c)(1) provides in part: "Any person aggrieved may bring a civil action in *any* court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter" (emphasis added). *See also Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 29, 111 S.Ct. 1647, 1654, 114 L.Ed.2d 26 (1991) (Congress has granted concurrent jurisdiction over ADEA claims to state and federal courts). *A fortiori,* an age discrimination action based upon state law may be brought in state court.

■■■ The fact that the state trial judge and parties may well refer to federal precedents interpreting the ADEA for guidance does not transform the *nature* of this action into one in which the plaintiff's right to relief depends upon the application or construction of federal law. Congress has not seen fit to establish the ADEA as the exclusive avenue to remedy perceived age discrimination. Oklahoma, through its highest court and its legislature, has chosen to replicate certain federal remedies. A statutory action pursuant to the Oklahoma Anti–Discrimination Act or a common-law action pursuant to *Burk* remain *state* remedies, notwithstanding the existence of the ADEA. Plaintiff has elected a state law remedy for alleged age discrimination, and eschewed the available federal remedy. As the "master" of his lawsuit, plaintiff is free to do so. Under the strict construction which must be placed on removal jurisdiction, the Court concludes federal question jurisdiction does not exist over plaintiff's second cause of action. Defendants concede the plaintiff's first cause of action is before this Court only because of pendent jurisdiction. Accordingly, no basis exists for federal jurisdiction over any aspect of this case.

It is the Order of the Court that the motion of the plaintiff to remand is hereby GRANTED. Pursuant to 28 U.S.C. § 1447(c), this action is hereby remanded to the District Court of Tulsa County, State of Oklahoma. Plaintiff's request for fees and costs is DENIED.

ORDERED.