Milton Dale Rowan, Koval & Rowan, Atlanta, GA, for Plaintiff.

Michael A. Pannier, Sullivan, Hall, Booth & Smith, Atlanta, GA, for Defendant.

**Vimal JAIRATH, Plaintiff,**

v.

**Dr. Wallace K. DYER, M.D., Defendant.**

**No. 1:96–CV–1987–JEC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 16, 1996.

## ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiff's Motion to Remand [6], and plaintiff's Motion to File Reply Brief Out of Time [11]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to File Reply Brief Out of Time should be **GRANTED,** and plaintiff's Motion to Remand **DENIED.**

## BACKGROUND

Plaintiff filed his Complaint in the Superior Court of Fulton County. Defendant timely removed the action to federal court pursuant to 28 U.S.C. § 1441, claiming the original jurisdiction of this Court. Defendant's jurisdictional basis for removal is that plaintiff's action requires the resolution of a substantial

question of federal law, and that jurisdiction lies in this Court because district courts have jurisdiction of all civil actions arising under the laws of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff now files a motion to remand this case to Superior Court pursuant to 28 U.S.C. § 1447(c). Plaintiff contends that his cause of action arises under Georgia law and, thus, the Court lacks jurisdiction to resolve this dispute.

Plaintiff claims that he was denied medical treatment by defendant once defendant discovered that plaintiff has human immunodeficiency virus ("HIV"). Plaintiff alleges that because medical services provided to others were not equally available to plaintiff, and because these services were denied as a result of his disability, defendant violated Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Pl. Compl.¶ 24.) Plaintiff, however, does not seek relief under the ADA, although Congress provided for such relief under the ADA in 42 U.S.C. § 12188. Instead, plaintiff seeks damages within the framework of O.C.G.A. § 51–1–6, reasoning that defendant's alleged violation of the ADA is a violation of a legal duty as provided for in the Georgia statute. (Pl.Compl.¶ 25.) Thus, plaintiff argues that state law, not federal law, governs his cause of action. Defendant, on the other hand, contends that the resolution of plaintiff's claim ultimately hinges on the interpretation of federal law under the ADA.

### DISCUSSION [1]

Article III of the Constitution grants federal courts the power the hear cases "arising under" federal law. In the Judiciary Act of 1875, Congress effectuated that grant of power by giving federal courts general federal-question jurisdiction. Justice Holmes wrote, "A suit arises under the law that creates the cause of action." *American Well Works, Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). Holmes' manner of defining the jur-

isdictional limitation "arising under" has since been narrowed by the Court. Later courts indicate that a case "arises under" federal law if the right, as defined under state law, necessarily turns on the interpretation of federal law. *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (citing *Smith v. Kansas City Title and Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921); *Hopkins v. Walker,* 244 U.S. 486, 37 S.Ct. 711, 61 L.Ed. 1270 (1917)).

Removal is appropriate when the district court's jurisdiction is properly established. The "well-pleaded complaint" rule permeates the jurisdictional determination. A defendant may remove a case to federal court if plaintiff's complaint states a cause of action "arising under" federal law. "[A] right or immunity created by the Constitution or laws of the Unites States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). The plaintiff is the "master of his complaint," and may elect to disregard available options under federal law and preclude removal by limiting his claim to a state law cause of action. *Derrico v. Sheehan Emergency Hospital,* 844 F.2d 22, 27 (2nd Cir.1988). "If a plaintiff decides not to invoke a federal right, his claim belongs in a state court." *Id.* (quoting *Pan American Petroleum Corp. v. Superior Court of Delaware,* 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961)). Plaintiff cannot avoid removal, however, by artful pleading—neatly escaping federal jurisdiction by characterizing a cause of action, which is federal by nature, strictly in terms of state law. *Id.* (citing *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754, 758 (2nd Cir.1986), cert. denied, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986)).

Where the cause of action is framed in state law, but invokes an issue of federal law, the court is faced with what Justice Frankfurter called the "litigation-provoking problem." *Textile Workers v. Lincoln Mills,* 353

---

**1.** The Court notes that it has considered the arguments made in plaintiff's reply brief in reaching its conclusion on the remand issue.

U.S. 448, 470, 77 S.Ct. 912, 928, 1 L.Ed.2d 972 (1957) (dissenting opinion). In *Franchise Tax Bd.*, the Supreme Court noted that even though a plaintiff's cause of action may be created by state law, plaintiff's "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax*, 463 U.S. at 13, 103 S.Ct. at 2848. Thus, although federal question jurisdiction is usually based on an action alleging a violation of the United States Constitution, or on a violation of a federal statute for which Congress created an express or implied remedy, there are limited circumstances in which federal question jurisdiction may be available where a substantial question of federal law is a disputed and necessary element of a claim based on state law. *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 (11th Cir.1994) (citing *Franchise Tax*, 463 U.S. at 12, 103 S.Ct. at 2847–48).

The foundation of plaintiff's cause of action is O.C.G.A. § 51–1–6, which provides for the recovery of damages when a legal duty is breached. The statute reads:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

O.C.G.A. § 51–1–6 (1996). The Georgia statute ensures that an injured party has an available remedy where a duty is established by law—be it state or federal law. Application of the rights and duties defined in the

ADA is central to the determination of whether defendant breached a legal duty owed plaintiff. Plaintiff plainly alleges that defendant violated Title II of the ADA. (Pl. Compl.¶ 1.) Indeed, the *only* way plaintiff seeks to establish a legal duty, a breach of that duty, and injury resulting from that breach of duty is though sole reliance on federal law.

Even though plaintiff does establish a cause of action under the Georgia statute, the only true issue to be addressed in plaintiff's Complaint depends on the resolution of a substantial question of federal law. Federal question jurisdiction is not established simply because the duty allegedly breached in plaintiff's state law claim is defined by federal law in the ADA. The mere presence of a federal issue does not, in and of itself, confer jurisdiction on this Court. *See Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir.1994) (where complaint contained no express allegation that defendant violated specific federal securities laws, mere fact that state statutory scheme required analysis of federal law was insufficient to establish federal question jurisdiction).[2]

The Supreme Court specifically declined to recognize federal question jurisdiction where a state cause of action required the interpretation of a federal statute when Congress did not provide a private cause of action under that federal statute. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 810, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986) (where state cause of action relied on interpretation of the Federal Food, Drug, and Cosmetic Act, but there was no federal cause of action for FDCA violations federal-question jurisdiction was not invoked).[3] If

---

**2.** *Hill* is distinguishable, however, from the plaintiff's case. In *Hill*, the plaintiff's cause of action was based on a state securities act under which plaintiff alleged the failure of a memorandum prepared by the defendants to comply with both state and federal securities laws. *Hill*, 13 F.3d at 1550. There were no *express* allegations that the defendants violated any *specific* securities laws. *Id.* In the case presently before the Court, plaintiff painstakingly alleges all elements necessary to maintain an action under the ADA, quoting directly from the applicable federal statutes. Furthermore, the state law relied on by the plaintiff is not a guiding force designed to direct-

ly establish an independent cause of action, if the statute actually does establish a cause of action at all.

**3.** Notably, this distinction has been central in the determination in several recent cases. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996) (no federal question jurisdiction where plaintiff established a basis for wrongful discharge claim under state law; although plaintiff cited Title VII of the Civil Rights Act in his complaint, it was only a reference to one of several strong sources of public policy supporting his state law claim); *Greenblatt v. Delta*

plaintiffs have no private right of action under the federal statute at issue, the federal element of plaintiff's state law claim is not sufficiently "substantial" to confer federal-question jurisdiction.[4] *West 14th St. Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188 (2nd Cir.1987) (citing *Merrell Dow*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650) (federal-question jurisdiction existed where state cause of action sufficiently embodied federal question under Condominium and Cooperative Abuse Relief Act and federal law provided private remedy as well). Plaintiff's state law claim embodies an interpretation of the duty defined by the ADA. Congress clearly intended the ADA to provide a private cause of action. Available means of relief are enumerated in 42 U.S.C. § 12188. The federal issue in plaintiff's alleged state law claim is clearly a "substantial"—indeed, central—element. The federal interest at stake is apparent, and the dispute is one Congress expressly intended federal courts to resolve. *See Ormet Corp. v. Ohio*

*Power Co.*, 98 F.3d 799, 806–07 (4th Cir.1996) (interpretation of Clean Air Act essential to resolution of dispute regarding contractual agreement) (citing *Merrell Dow*, 478 U.S. at 813, 106 S.Ct. at 3234–35).

Furthermore, plaintiff purposely attempts to avoid federal question jurisdiction by limiting his cause of action to a claim for damages pursuant to O.C.G.A. § 51–1–6, rather than seeking vindication under the remedies provided by the ADA. If the Georgia statute provided an independent cause of action, plaintiff's approach would not be problematic. *See W.H. Avitts v. Amoco Production Co.*, 53 F.3d 690 (5th Cir.1995) (where no federal cause of action asserted, and both state and federal remedies are available, and plaintiff chooses only to pursue state remedy, federal-question jurisdiction not invoked).[5] O.C.G.A. § 51–1–6 is designed to allow recovery where a statutory breach of duty is established, although the applicable statute does not expressly provide a cause of action.[6] O.C.G.A. § 51–1–6 (1996). The Georgia statute acts as

---

*Plumbing & Heating Corp.*, 68 F.3d 561 (2nd Cir.1995) (although federal law provides a cause of action for violation of collective bargaining agreement, federal law was not the source of the rights or duties sought to be enforced against defendants; district court improperly construed ERISA statute to interpret terms of agreement where Congress did not explicitly confer federal jurisdiction or provide federal remedy over that section of the federal statute); *Smith v. Industrial Valley Title Ins. Co.*, 957 F.2d 90 (3rd Cir.1992) (although state court must interpret part of Internal Revenue Code to determine merits of plaintiffs' claims, Congress granted no private remedy for violations of the applicable federal statute).

4. In the Eleventh Circuit, *see Dean v. American General Finance, Inc.*, 191 B.R. 463 (M.D.Ala. 1996) (mere presence of federal issue in state cause of action did not confer federal-question jurisdiction where no federal remedy provided for Federal Trade Commission Act violation, and violation was merely element of state law fraud claim); *Mathews v. Anderson*, 826 F.Supp. 479 (M.D.Ga.1993) (allegations of negligence in maintaining a work environment free from sexual harassment did not allege any violation of Title VII of the Civil Rights Act; simply because underlying facts would have supported a federal law claim did not permit federal-question jurisdiction where state law claim adequately stated).

5. The plaintiff's complaint if *W.H. Avitts* made only "oblique reference" to violations of unspecified federal laws. *W.H. Avitts*, 53 F.3d at 693. In the present matter, however, plaintiff's refer-

ences to federal law were far from "oblique." He took careful measure to establish that he is a "qualified individual" within the meaning of the ADA, and that all elements necessary to establish a violation of the ADA were alleged.

Similarly, in *Rains*, state law provided an alternative to the federal cause of action. The plaintiff in *Rains* could have pursued an action under Title VII of the Civil Rights Act, however, he opted to bring suit under California statutory law which provided a specific cause of action for wrongful termination. *Rains*, 80 F.3d at 343. Plaintiff's claim, however, is based upon a broad statute which does not specifically address any particular basis for a claim, other than the general breach of a legal duty. In *Rains*, a basis for recovery could have been established without mention of federal law. Here, plaintiff has no choice but to rely on federal law to establish his state law cause of action.

6. O.C.G.A. § 51–1–6 ensures a method of recovery where a duty is defined by state or federal statute and that statute does not, itself, provide recovery when that duty is breached. Thus, if the ADA did *not* provide for recovery under 42 U.S.C. § 12188, plaintiff would be correct in applying O.C.G.A. § 51–1–6. For instance, the Supreme Court held in *Merrell Dow* that where the federal statute provided no private cause of action, federal-question jurisdiction is not available even though a federal statute may define a duty. *Merrell Dow*, 478 U.S. at 810, 106 S.Ct. at 3233. In that situation, O.C.G.A. § 51–1–6 might authorize recovery.

a corollary to the ADA, or other statutorily defined duties—only *after* the breach of duty under the ADA is proven may plaintiff collect under the state statute. The law that creates plaintiff's cause of action was not "[a]s an initial proposition ... state law," but federal law. *Derrico*, 844 F.2d at 28 (citing *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. at 2848) (although plaintiff framed claim in terms of independent state contract law, claim had origin in federal labor law; removal appropriate). Although plaintiff may "invoke federal law indirectly, as a stepping-stone rather than a substantive right ... [plaintiff's] outright reliance on federal doctrine suffices to support removal." *Id.*

Plaintiff's state cause of action necessitates the interpretation of a substantial federal issue for which Congress clearly provided a private federal cause of action. A plaintiff may not avoid federal-question jurisdiction by "omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.* 463 U.S. at 22, 103 S.Ct. at 2853. Plaintiff took great pains to apply the ADA to his situation, and even greater pains to avoid the remedies explicitly defined by Congress, relying instead on a vague, catch-all state statute. This Court finds that removal was appropriate, and that federal-question jurisdiction is established.

### CONCLUSION

For the foregoing reasons, plaintiff's Motion to File Reply Brief Out of Time is **GRANTED,** and plaintiff's Motion to Remand is **DENIED.**