Two issues are presented: 1) Did Deborah Gill's complaint, as last amended, state a claim upon which she, as consumer/debtor, could be granted relief against Fidelity Financial Services, Inc. ("Fidelity"), as assignee/creditor? and 2) Is privity of contract between Deborah Gill, as consumer/debtor, and Fidelity a requisite element of Gill's federal law right of action against the assignee/creditor of a consumer credit contract, pursuant to 16 C.F.R. § 433.2 (15 U.S.C. § 1641)?
We answer the first issue "yes," and the second issue "no." The judgment dismissing the complaint is reversed, and the cause is remanded.
A summary of the alleged facts, as shown by the pleadings, follows: In May 1992, Gill bought from Auto Mart and Melvin and Stacy Summerlin a 1992 Toyota automobile that registered approximately 6,000 miles on its odometer. Fidelity bought the consumer credit contract the following day; that contract contained the following notice, given pursuant to the Federal regulations:
"NOTICE
 "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT THERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."
Gill alleged that during the sales negotiations, Auto Mart represented to her that the car had never been wrecked; that the car was in good condition; and that it was like new. She alleged that, in fact, the car had been previously wrecked and had been so *Page 914 
poorly repaired as to be dangerous to operate; that, as a consequence of the defendants' representations and breach of implied and express warranties, Gill was required to pay for a car that she could not use; that she suffered losses because the car was worth less than she was led to believe, and that she incurred repair costs and at times lost the use of the car. Gill claims compensatory and punitive damages and seeks to rescind the sales contract.
Although the trial court's judgment of dismissal states no grounds, Fidelity's brief may furnish a clue as to the trial court's ruling. We quote:
 "In Counts One through Six of [Gill's] amended complaint, she alleges that [Fidelity's] only connection with the transaction was to finance the purchase of the vehicle. The allegations failed to state a claim against [Fidelity] for several reasons. First, [Gill] failed to allege that [Fidelity] made any representation to her whatsoever. . . ."
This contention from Fidelity's brief clearly misconstrues the language of the notice quoted earlier: "Any holder . . . is subject to all claims and defenses which the debtor could assert against the seller. . . ." This does not mean, as Fidelity contends, that the assignee of the consumer credit contract as "creditor" is subject only to those claims or defenses provable against the "creditor." Rather, a holder, such as Fidelity as assignee/creditor, shall, under the terms of the "notice," be vicariously liable (with the limitations expressed in the final sentence of the notice) to a consumer/debtor for claims provable "against the seller of [the] goods."
To accept Fidelity's interpretation of the notice would be to attribute to the notice provisions of the federal regulation a nonsensical purpose. What could possibly be the point of a notice preserving "claims and defenses which the debtor could assert against the seller" if it intended to preserve to the debtor only those claims and defenses which the debtor could assert against the creditor? Any such nonvicarious liability language would be totally superfluous. Indeed, if this were the purpose of the regulation, notice would be altogether unnecessary.
To be sure, a vicarious liability concept is expressed by this regulatory notice, and this is undoubtedly the reason for the limiting language found in the final sentence: "Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder." Incidentally, this limitation on recovery of damages is conceded by the plaintiff.
Another case involving a debtor's claim against an assignee/creditor is Eachen v. Scott Housing Systems, Inc.,630 F. Supp. 162 (M.D. Ala. 1986). The law publisher's unofficial headnotes accurately summarize the two central holdings of that case:
"1. Secured Transactions
 "Fact that assignee of mobile home retail installment contract and security agreement had not instituted legal proceedings against mobile home buyers to collect unpaid funds under the contract did not preclude buyers from bringing action for breach of warranty against assignee premised on regulation of Federal Trade Commission providing that any holder of consumer credit contract is subject to all claims and defenses which debtor could assert against seller of goods obtained pursuant to the contract."
"2. Secured Transactions
 "Provisions of Alabama Consumer Finance Law, Ala. Code 1975, § 5-19-8, providing that rights of buyer with respect to a consumer credit sale or consumer lease can only be asserted as a matter of defense to or set-off against a claim by assignee of seller or lessor, was not to be engrafted onto regulation of Federal Trade Commission, providing that holder of consumer credit contract is subject to all claims and defenses which debtor could assert against contract; thus, buyers of mobile home did not have to be sued first by assignee of home retail installment contract and security agreement before asserting their claim *Page 915 
against assignee for breach of warranty, premised on the FTC regulation."
630 F. Supp. at 163.
We recognize, of course, that the specific holdings ofEachen address issues postured somewhat differently from those presented in this case; however, Eachen is direct authority for the proposition that the plaintiff in this case has stated a claim upon which relief may be granted.
The operative effect of the Federal regulations on which the claim is based is to exclude the necessity for privity of contract between the consumer/debtor and the consumer credit contract assignee/creditor. The judgment of dismissal is reversed and the cause is remanded.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and it is hereby adopted as that of the Court.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, STEAGALL and COOK, JJ., concur.
SHORES and INGRAM, JJ., concur in the result.