I agree with the majority that the FTC, through16 C.F.R. § 433.2, did not intend that the consumer be restricted to defensive actions. However, I disagree with the holding that this regulation does not support the Mardises' contention that they may maintain against Ford their claims against Cloverleaf. The commentary quoted by the majority does not require a total failure of performance in order for there to be a recovery, but rather lists it as a situation in which the consumer should be allowed to recover: "In a case of non-delivery, total failure of performance, or the like, we believe that the consumer is entitled to a refund of the monies paid on account." The notice required by the statute provides in pertinent part: "Any holder
of this consumer credit contract is subject to all claims anddefenses which the debtor could assert against the seller of goods or services obtained pursuant hereto . . ." (emphasis added). Thus, by the plain language of the statute, the Mardises have a right to an affirmative action to rescind the contract and recover damages from Ford, to the extent of payments made under the contract, based on the wrongful actions of Cloverleaf.
The majority's interpretation of this statute is contrary to the plain meaning of the words of the statute and the purposes of the statute as discussed in the commentary. This Court held in Gill v. Fidelity Financial Services, Inc. 631 So.2d 913, 914
(Ala. 1993), that an "assignee/creditor, shall, under the terms of the 'notice,' be vicariously liable . . . to a consumer/debtor for claims provable 'against the seller of [the] goods.' " The situation in Gill is virtually identical to that in this case. Gill sued the finance company for misrepresentations she says were made to her by the seller of the car. While this Court did not determine whether Gill would actually recover, it did hold that a consumer could maintain a cause of action against a finance company based on fraud or breach of contract by the seller. Gill did not require that the plaintiff prove that she received little or nothing of value in order to get affirmative relief against the finance company.
In a similar case, the Court of Appeals of Georgia allowed a consumer to recover from a finance company for fraud perpetrated by the seller of a car, holding that under 16 C.F.R. § 433 "any claim [a consumer] may have against [a seller] can properly be asserted against [the finance company]." Bennett v. D.L. Claborn Buick, Inc.,202 Ga. App. 308, 414 S.E.2d 12 (1991).
I prefer the approach of the Court of Appeals of Texas in its analysis of § 433 in Oxford Finance Companies, Inc. v. Velez,807 S.W.2d 460 (Tex.App. 1991). That court said that the Official Comment (specifically the portions found at 40 Fed.Reg. 53527)
 "was apparently made to explain why the FTC declined to adopt a version of the rule that would have limited consumers to asserting their claims against assignees only in the context of defending a suit by the assignee for collection of payments due under the contract. We do not agree that the comment requires a plaintiff to obtain a finding that she has received little or nothing of value under the contract in order to recover affirmative relief from her creditor.
 "The clear and unambiguous language of the contractual provision notifies all potential holders that, if they accept an assignment of the contract, they will be 'stepping into the seller's shoes.' The creditor/assignee will become 'subject to' any claims or defenses the debtor can assert against the seller. The notice does not say that a seller will be liable for the buyer's damages only if the buyer received little or nothing under the contract." *Page 707 
807 S.W.2d at 463. The court found that the plaintiff could recover without a jury determination that she had received little or nothing of value.
I respectfully dissent.