**Bill D. COOK, Alex C. Hardy, and Thelma R. Hardy, et al., Plaintiffs,**

**v.**

**CHRYSLER CREDIT CORPORATION, et al., Defendants.**

Civ. A. No. 94–A–792–N.

United States District Court, M.D. Alabama, Northern Division.

Nov. 9, 1994.

322

J.L. Chestnut, Jr., Chestnut, Sanders, Sanders & Pettaway, P.C., Selma, AL, and T. Roe Frazer, II, Langston, Frazer & Sweet, P.A., Jackson, MS, for plaintiffs.

David W. Long, C. Lee Reeves, Sirote & Permutt and Richard E. Smith, Rives & Peterson, Birmingham, AL, for defendants.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause comes before the court on Plaintiffs' Motion to Remand. Upon consideration of the motion, defendants' responses thereto, the record, and for the reasons set out herein, the court finds that Plaintiffs' motion is due to be granted.

### INTRODUCTION

Plaintiffs initiated this action in the Circuit Court of Lowndes County, Alabama on May 13, 1994, against Defendants Chrysler Credit Corporation, Turner Motor Company, Inc., and Brewbaker Motors, Inc. Defendants removed this case from state court to the United States District Court for the Middle District of Alabama on June 23, 1994, on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331 and 1441.

Plaintiffs have brought this action on behalf of a class comprised of individuals who have bought or financed cars through the Defendants over the past five years. Plaintiffs contend that the Defendants wrongfully and tortiously promised and/or provided financing on cars purchased by Plaintiffs from the Defendant car dealers at interest rates which were higher than the most favorable rates quoted to the Defendant dealers by Defendant Chrysler Credit Corporation (hereinafter "Chrysler Credit").

Plaintiffs seek injunctive relief, as well as compensatory and punitive damages, for the injuries alleged under theories of fraud, conspiracy, breach of fiduciary duty, and breach of the Alabama "Mini–Code."

Defendants argue that removal is proper under 28 U.S.C. §§ 1331 and 1441 because the Plaintiffs' claims against Defendant Chrysler Credit arise under federal law, 16 C.F.R. § 433.2, enabled by 15 U.S.C. § 41 et seq. Defendants contend that Plaintiffs' only claim against Defendant Chrysler Credit, the assignee of the consumer contract at issue, arises under federal law. Moreover, Defendants contend that because the claims against the other Defendants are based upon a common nucleus of operative fact, this court has supplemental jurisdiction over the claims against the other Defendants pursuant to 28 U.S.C. § 1367.

Defendants also assert that removal is proper under 28 U.S.C. §§ 1452 and 1334 because this court has jurisdiction over Plaintiff Cook's claims, which arose during and relate to Cook's bankruptcy. Plaintiff Cook filed a petition for bankruptcy June 20, 1989. Plaintiff Cook reaffirmed the debt owing to Chrysler Credit on September 18, 1989.

Cook's bankruptcy was discharged by Order dated October 23, 1989. Defendants argue that the Bankruptcy Trustee owns the causes of action that the Plaintiff Cook may have against the Defendants because these causes stem from a consumer contract which was executed during Cook's bankruptcy proceeding.

### DISCUSSION

### I. Federal Claim

■ A defendant may remove a state court civil action to a federal court if the pending action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). The court must narrowly construe the removal statutes, and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

■ Because removal is only permissible when the plaintiff's claim could have been filed in federal court originally, the court must look to the claim to determine whether removal was appropriate. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). Under the well-pleaded complaint rule, a court must look to the face of the complaint to determine whether the claim arises under federal law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The plaintiffs' claim gives rise to federal jurisdiction if it is founded "directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.,* 507 F.2d 245, 249 (5th Cir. 1975); *see also Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8–9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (a case arises under the "law which creates the cause of action").

■ Even though state law creates plaintiffs' causes of action, federal question jurisdiction may arise "if a well-pleaded complaint established that [their] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463

U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). To invoke federal question jurisdiction a complaint need not specifically refer to a particular federal statute or regulation or federal remedy. *See Henry v. Robey–Barber Ins. Serv. Corp.,* 777 F.Supp. 1554 (D.C.Fla.1991); *see also* C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction* 2d § 3722 (1985 & Supp.1994). Although a defendant does have a statutory right to remove in certain situations, the "plaintiff is still the master of his own claim." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994) (citations omitted). As master of the claim, plaintiff may avoid federal jurisdiction by "exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Thus, merely because a plaintiff could have stated a federal claim instead of or in addition to a state claim will not sustain removal jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986).

■ However, the removal court should determine whether the real nature of the claim is federal regardless of plaintiff's characterization of the claim. *In re Carter,* 618 F.2d 1093 (5th Cir.1980), *cert. denied* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1980); *see also* C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction* 2d § 3722 (1985 & Supp.1994). Even if the plaintiff has couched his pleadings exclusively in terms of state law, the court should inspect the complaint to determine whether a federal claim is necessarily presented. *Dean Witter Reynolds Inc. v. Schwartz,* 550 F.Supp. 1312 (D.C.Fla.1982); *see also* C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure: Jurisdiction* 2d § 3722 (1985 & Supp.1994).

### *Jurisdiction "Arising Under"*
### *16 C.F.R. § 433.2*

■ Defendants assert that the Plaintiffs must bring their claims against Chrysler Credit under the Federal Trade Commission's "Preservation of Consumers' Claims and Defenses" Rule, 16 C.F.R. § 433.2. The rule provides, in pertinent part, that:

In connection with any sale or lease of goods or services to consumers, in or affecting commerce as 'commerce' is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of Section 5 of the Act for a seller, directly or indirectly, to:

(a) Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:

### NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

16 C.F.R. § 433.2. The federal regulation makes it an unfair or deceptive practice for a seller to accept the proceeds of any purchase money loan, as defined under this section, unless the consumer credit contract contains a similar provision. *Id.* The regulation was intended to allow a consumer to maintain an "affirmative action against a creditor who has received payments for a return of monies paid on account." 40 Fed.Reg. 53524 (1975).

The court in *Eachen v. Scott Housing Systems, Inc.*, 630 F.Supp. 162 (M.D.Ala.1986), has recognized that claims may be sustained under 16 C.F.R. § 433.2. In *Eachen*, the plaintiffs, buyers of a mobile home, brought an action against the assignee of their consumer credit contract for breach of warranty. *Id.* In *Eachen*, Citicorp Acceptance Company had received an assignment of the consumer credit contract directly from the seller of the mobile home. Citicorp moved for summary judgment asserting that under Alabama law, it could not be held liable under the consumers' affirmative claim for relief.

After the defendant removed the case on the basis of diversity jurisdiction, the district court held that the plaintiffs' claims could be maintained because they were premised upon 16 C.F.R. § 433.2, rather than on Alabama law.

Removal jurisdiction cannot solely be based upon the fact that the *Eachen* court, and the Alabama Supreme Court, in *Gill v. Fidelity Financial Services, Inc.*, 631 So.2d 913 (Ala.1993),[1] have recognized that a federal right of action exists under 16 C.F.R. § 433.2. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986) (stating that merely because a plaintiff could have asserted a federal claim instead of or in addition to a state claim will not sustain removal jurisdiction). The jurisdictional issue presented in the instant case is whether federal law creates the basis for Plaintiffs' claims against Chrysler Credit. The inquiry is not whether a federal right of action could exist under 16 C.F.R. § 433.2, but whether the Plaintiffs rely "directly upon federal law" in asserting their claims. *Robison v. Wichita Falls & North Texas Community Action Corp.*, 507 F.2d 245, 249 (5th Cir.1975).

In *Hill v. Marston*, 13 F.3d 1548 (11th Cir.1994), the Eleventh Circuit ordered the remand of a case to state court, holding that the district court had no federal question jurisdiction over the lawsuit, which alleged negligence, breach of contract, and violations of Alabama state securities law, even though some interpretation of related federal securities law may have been involved. In *Hill*, the defendant removed the case pursuant to 28 U.S.C. § 1441(b) on the basis that the complaint stated claims under the Securities Exchange Act of 1934 and the Employee Retirement Income Security Act of 1974 (ERISA). *Id.* The complaint contained "no express allegation that defendant violated any specific federal securities laws." *Id.* at 1550. The Eleventh Circuit stated that "[p]laintiffs' inclusion as elements of their state law claims defendant's knowledge of federal securities law and his failure to com-

---

1. In *Gill,* the Alabama Supreme Court held that the plaintiff, a consumer/debtor, stated a claim upon which relief could be granted against the assignee of a consumer credit contract pursuant to 16 C.F.R. § 433.2. *Id.*

ply with certain aspects of that law does not automatically transform what are in all other respects state law claims into federal claims." *Id.* The *Hill* court rejected defendant's argument that the availability of a federal cause of action for violations of Rule 10(b)–5 justified federal jurisdiction over the plaintiffs' claims. *Id.* The Eleventh Circuit noted that the complaint did not allege or refer to Rule 10(b)–5 and plaintiffs denied invoking a remedy under federal law. *Id. See also, Hunneman Real Estate Corp. v. Eastern Middlesex Ass'n of Realtors, Inc.,* 860 F.Supp. 906 (D.Mass.1994) (where defendants removed the case alleging that the plaintiff had artfully plead a federal question under the Sherman Act, even though the complaint contained only state-law claims, the district court remanded the case finding that the claims did not arise under federal law).

■■■ *Hill* directly applies to the case at bar. Here, Plaintiffs found their claims solely upon state law. Although 16 C.F.R. § 433.2 may confer federal jurisdiction when pled, the plaintiff in this case did not state a claim under it. As in *Hill,* the complaint in the instant case does not allege that any specific federal law had been violated. In fact, as in *Hill,* Plaintiffs have explicitly repudiated any remedies they may have under federal law. Plaintiffs, as masters of the complaint, may avoid federal jurisdiction by "exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Under the reasoning of *Hill,* the mere fact that the plaintiffs may have brought the action under 16 C.F.R. § 433.2, standing alone, does not support removal jurisdiction. Even though it is not essential to bring a claim under a federal statute to create federal question jurisdiction, there must be a substantial question of federal law in dispute between the parties. *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848. The court is not convinced that the complaint alleges any claims which arise under or turn on the construction of federal law. Therefore, this court does not have jurisdiction to entertain this civil suit on the basis of federal claim jurisdiction.

## II. Bankruptcy—Jurisdiction "Arising Under" 28 U.S.C. §§ 1334 and 1452

■■■ Defendants assert that jurisdiction exists in this court by virtue of the bankruptcy proceedings of Plaintiff Cook.

Plaintiffs assert that this cause should be remanded because Plaintiffs initiated the state court action against Chrysler Credit after Cook's bankruptcy case was closed; therefore, Plaintiffs assert that removal is not possible under 28 U.S.C. § 1452. The court finds Plaintiffs' arguments persuasive and agrees that this is not a proper basis for removal.

Defendants contend that this court has original jurisdiction over Plaintiff Cook's claims, which arose during and relate to Cook's bankruptcy.[2] In support of their theory of federal jurisdiction, Defendants cite 28 U.S.C. § 1334, which provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under Title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.

28 U.S.C. § 1334.

Defendants further allege that because the court has jurisdiction under 28 U.S.C. § 1334, removal is proper under 28 U.S.C. § 1452. 28 U.S.C. § 1452 provides:

Removal of Claims Related to Bankruptcy Cases

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a governmental

---

**2.** Defendants' argument is grounded upon the fact that one of the proposed class representatives, Alex Cook, filed a petition for bankruptcy in June 1989, reaffirmed his debt to Chrysler Credit on September 18, 1989, and failed to list this cause of action on his Schedule of Assets. Plaintiff Cook was subsequently discharged from bankruptcy on October 23, 1989.

unit to enforce such governmental unit's police or regulatory power, to the District Court for the district where such civil action is pending, if such District Court has jurisdiction of such claim or cause of action under § 1334 of this title.

28 U.S.C. § 1452.

 Under 28 U.S.C. § 1334, a court has subject matter jurisdiction over related adversarial proceedings if there is some nexus between the Title 11 case and the related action. *Matter of Lemco Gypsum, Inc.,* 910 F.2d 784 (11th Cir.1990). A lawsuit is deemed to directly relate to a case under Title 11 when the outcome of the suit could affect the bankruptcy estate. *Id.* at 788; *Robinson v. Michigan Consolidated Gas Co.,* 918 F.2d 579 (6th Cir.1990); *Walnut Associates v. Saidel,* 164 B.R. 487 (E.D.Pa.1994). An action is related to bankruptcy if the outcome could alter the debtors' rights, liabilities, options, freedom of action, or the administration of the bankrupt estate. *Matter of Lemco Gypsum, Inc.,* 910 F.2d at 788; *In re Marcus Hook Dev. Park, Inc.,* 943 F.2d 261 (3d Cir.1991); *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). A controversy, the resolution of which may have only speculative, indirect or incidental effect on the bankruptcy estate, is unrelated to the bankruptcy action and not one over which the bankruptcy court can exercise jurisdiction. *In re Inn On the Bay, Ltd.,* 154 B.R. 364 (Bankr.S.D.Fla.1993).

In defining the nexus required for a court to have jurisdiction over actions which relate to a Title 11 case, the Eleventh Circuit looked to Congress' intent to "reduce substantially the time-consuming and expensive litigation regarding a bankruptcy court's jurisdiction over a particular proceeding." *Matter of Lemco Gypsum, Inc.,* 910 F.2d at 787 (citing *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988); & H.Rep. No. 595, 95th Cong., 2d Sess. 43–47, *reprinted in* 1978 U.S.Code Cong. & Admin.News pp. 5787, 6004–6008). The Eleventh Circuit stated that the interpretation of § 1334(b) "must also avoid the inefficiencies of piecemeal adjudication and promote judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate." *Id.* The court further stated that the court was concerned that "an overbroad construction of § 1334(b) may bring into federal court matters that should be left for state courts to decide." *Id.* (citations omitted).

Defendants contend that Cook's claims are sufficiently related to Cook's bankruptcy proceeding for this court to have removal jurisdiction over them. It is arguable that Cook's claims were "related" to the bankruptcy case and could have affected his bankruptcy estate, if the case were still pending. Because Cook's bankruptcy case is closed, however, the bankruptcy estate no longer exists. *See In re H. White Constr. Co., Inc.,* 92 B.R. 656, 659 (Bankr.W.D.La.1988) (cases hold estate terminates upon confirmation of a reorganization plan); *In re Westholt Mfg., Inc.,* 20 B.R. 368, 372 (Bankr.D.Kan.1982) (In a chapter 11 bankruptcy case, the estate's existence terminates upon confirmation of the reorganization plan). Absent reopening, there is no longer a bankruptcy estate being administered which could be affected by the present litigation. Therefore, the court does not find the present action to be one which arises under or relates to a Title 11 proceeding. The court interprets 28 U.S.C. § 1334 to contemplate pending bankruptcy proceedings.

### CONCLUSION

For the foregoing reasons, the court finds that there is no basis for removal to this court, and it is ORDERED as follows:

1. Plaintiffs' Motion to Remand is GRANTED, and this case is remanded to the Circuit Court of Lowndes County, Alabama. The clerk is DIRECTED to take the necessary steps to effect the remand.

2. Plaintiffs' request for attorney's fees and expenses is DENIED.