**In re Robert H. WALKER.**

**Bankruptcy No. 92–22733.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

June 6, 1996.

Frank J. Santoro, Portsmouth, VA, for Debtor.

Patrick L. Hayden, Norfolk, VA, for NationsBank, N.A.

## MEMORANDUM OPINION

DAVID H. ADAMS, Bankruptcy Judge.

This matter is before the Court on the motion of NationsBank to reopen the bankruptcy case of Robert H. Walker pursuant to 11 U.S.C. § 350(b). After the parties presented oral arguments at a hearing held on April 23, 1996, the Court took the matter under advisement. For the reasons expressed herein, the Motion to Reopen is denied.

## FACTUAL BACKGROUND

Robert H. Walker ("debtor") filed a voluntary petition under Chapter 11 on May 5, 1992. An Amended Plan of Reorganization was confirmed by this Court and the Order was entered on April 21, 1993. The Plan was substantially consummated and the case was closed pursuant to an Order entered on October 3, 1995.

■ A Motion for Judgement was filed in the Norfolk Circuit Court on June 2, 1995 by Walker and Walker, a Virginia general partnership (the "Walker Partnership"), Walker and Laberge, Inc., Robert K. Walker, Robert H. Walker, and Melissa A. Walker.[1] This suit seeks damages in the amount of $10,000,-000.00 against NationsBank, N.A. (formerly known as Sovran Bank, N.A.) based on what is essentially a lender liability theory. The events underlying the suit took place in 1989 and 1990 and involved a commitment letter issued by Sovran Bank to the Walker Partnership. The loan was never consummated and it is on that basis that the state court plaintiffs seek damages.[2] NationsBank was not served with this suit until February 22, 1996, well after the bankruptcy case of Robert H. Walker was closed. It has been represented to the Court that steps have been taken by counsel for the state court plaintiffs to dismiss with prejudice Robert H. Walker as a party to the suit.[3] NationsBank wishes the Bankruptcy Court to hear the lender liability action as it filed a Notice of Removal simultaneously with the filing of its Motion to Reopen.

## DISCUSSION

This case has come to the Court in an unusual procedural posture and the Court has been able to locate only sparse authority that is on point. The only matter before the Court is the Motion to Reopen. Whether or not removal jurisdiction exists is not technically before the Court. Likewise, the Court does not feel that it is appropriate to render an opinion on the theories of *res judicata*, waiver, and estoppel that NationsBank asserts are applicable to this case. Nonetheless, all of these issues have been asserted in one fashion or another and impact to a certain degree upon the decision whether or not to reopen this bankruptcy proceeding and the Court will therefore take up these issues to the extent necessary.

■ The decision whether or not to reopen a case is within the discretion of the Court which must look at the circumstances of the individual case.[4] *Thompson v. Virginia (In re Thompson)*, 16 F.3d 576, 581–582 (4th Cir.1994), *cert. denied*, —— U.S. ——, 114 S.Ct. 2709, 129 L.Ed.2d 836 (1994); *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir.1984). NationsBank argues that the case must be reopened in order to administer an asset of the estate, i.e. the cause of action. It is also argued that cause exists to reopen the case because this asset was not disclosed either on the debtor's bankruptcy schedules or in the plan of reorganization and that the bankruptcy court retains jurisdiction over this matter by virtue of language in the confirmation order.

■ In a recent case from this district, Judge Tice stated that "the court should not reopen a bankruptcy case where it appears that to do so would be futile and a waste of judicial resources". *In re Carberry*, 186 B.R. 401, 402 (Bankr.E.D.Va.1995) (debt was ei-

---

1. Robert K. Walker is the son of Robert H. Walker. They each hold a 50% interest in Walker and Walker. Melissa A. Walker is the wife of Robert K. Walker.

2. For purposes of this Opinion, the Court will refer collectively to Walker and Walker, Walker and Laberge, Inc., Robert K. Walker, and Melissa Walker as the state court plaintiffs.

3. Counsel for the debtor admitted at the hearing that Robert H. Walker lacked standing to pursue the state court litigation due to the fact that during the pendency of his bankruptcy case, he did not disclose any potential causes of action

against NationsBank or Sovran Bank. Debtor's counsel concedes that confirmation of a Chapter 11 plan serves to bar the institution of any suits based upon pre-petition events when a debtor does not disclose the potential cause of action. See *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170–171 (5th Cir.1992); *Monroe County Oil Co. v. Amoco Oil Co.*, 75 B.R. 158, 162 (S.D.Ind.1987).

4. 11 U.S.C. § 350(b) provides that "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause".

ther discharged upon entry of discharge order or excepted from discharge, so nothing would be gained by reopening the case in order to schedule an omitted creditor). In this case, the chance of substantial recovery to the estate is remote and no clear benefit to creditors has been shown. *In re Borer,* 73 B.R. 29, 31 (Bankr.N.D.Ohio 1987). It has been represented to the Court by counsel for the debtor that the partnership is subject to judgements totaling approximately $2,800,-000.00.[5] Therefore, the Court assumes for purposes of this decision that in the state court litigation the partnership would have to recover in excess of $2,800,000.00 in order for the debtor to be entitled to any funds by virtue of his partnership interest.

*Citizens Bank & Trust Co. v. Case (In re Case),* 937 F.2d 1014 (5th Cir.1991) is instructive on when a Motion to Reopen would be appropriate in order to address post-confirmation lender liability litigation. In *Case,* the debtor settled a claim with Citizen's Bank by executing a promissory note in its favor. The bankruptcy court approved the execution of the note which was provided for in the plan of reorganization. After the plan was consummated and the case closed, the debtor defaulted on the note and the bank brought suit in state court. The debtor answered that the bank had fraudulently induced him to make the settlement by oral promises that he could satisfy the note by providing services to the bank and he also made a counterclaim alleging breach of contract. *Id.* at 1017. The bank then sought to reopen the bankruptcy case and also moved for a declaratory judgement seeking an injunction against the counterclaim in state court. *Id.* at 1017. The Fifth Circuit found that the bankruptcy court did not abuse its discretion in reopening the case. *Id.* at 1018–1019. Reopening the case was found to be proper because the state court suit challenged an integral part of the plan of reorganization and it was necessary to reopen the case in order to determine if the provisions of the promissory note and plan needed to be altered. *Id.* at 1018.

Our review of the plan indicates that the state court cause of action does not challenge a portion of the confirmed plan. This is not a situation where the cause of action involves an obligation to the bank that was dealt with in the plan. Therefore, the plan is not being collaterally attacked and the integrity of the confirmation process is not being compromised. Not only does the lawsuit deal with a proposed loan to the Walker Partnership, not the debtor, but it is also a loan that was never actually made. Some of the unsecured debt to NationsBank that is dealt with in the plan appears to have been obligations incurred by the debtor as a result of his guaranteeing loans made to the Walker Partnership. Because the state court litigation does not relate to an obligation to NationsBank that was actually incurred, the lawsuit certainly does not affect the terms of the plan. The only conceivable way in which the terms of the plan could be affected would be if the state court suit results in a sufficiently large judgement against NationsBank with the result that Robert H. Walker personally realized a sum of money which then in turn might increase the distribution to his unsecured creditors.

Much of NationsBank argument focused on the fact that the cause of action was not disclosed by the debtor. The failure of the debtor to disclose the potential cause of action in his bankruptcy schedules, disclosure statement or plan of reorganization does not carry dispositive weight under the facts of this particular case. Adequate information for purposes of 11 U.S.C. § 1125 is to be determined by the facts and circumstances of each case. *Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.),* 848 F.2d 414, 417 (3rd Cir. 1988) *cert. denied* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (citing H.R.Rep. No. 595, 95th Cong., 2nd Sess. 266 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6225). A debtor cannot be expected to unerringly predict the future, but rather must provide information on all factors known to him at the time that bear upon the success or failure of

---

**5.** Also see Page 8 of the Debtor's First Amended Chapter 11 Disclosure Statement And Plan of

Reorganization.

the proposals set forth in the plan. *In re Ligon*, 50 B.R. 127, 130 (Bankr.M.D.Tenn. 1985) (citation omitted). The facts before the Court are that the cause of action was not the debtor's, rather it was that of the Walker Partnership. The debtor was to have been a guarantor on the proposed loan and was a general partner of the Walker Partnership, but that still does not make it his cause of action to assert. It is also important to note that the debtor is being dismissed as a party to the state court action. In reviewing the relevant pleadings, financial loss to Robert H. Walker is alleged but there is no allegation that the failure of the bank to make the loan to the Walker Partnership somehow drove the debtor into bankruptcy.[6] The debtor's interest in the partnership was fully disclosed in the schedules and plan of reorganization and we hold that the debtor was under no duty in the case *sub judice* to disclose this potential cause of action against NationsBank.[7]

The practical effect of a recovery by the Walker Partnership against NationsBank would not be restitution by the bank of the amount realized on its bankruptcy claim and the present lawsuit does not call into question the validity the bank's right to collect any amounts owed to it and dealt with in Robert H. Walker's confirmed plan. *See In re Oneida Motor Freight, Inc.*, 848 F.2d at 418. Therefore, no facts relied upon by the creditors in confirming the plan are undercut.

Counsel for NationsBank relies heavily on *Eastover Bank For Savings v. Smith (In re Little)*, 126 B.R. 861 (Bankr.N.D.Miss.1991). In *Little*, Eastover Bank sought a declaratory judgement concerning the preclusive effect of certain court orders entered during the pendency of the debtors' bankruptcy cases and also sought to enjoin a state court suit commenced by the debtors against the bank after a final decree had been entered closing the bankruptcy estates. *Id.* at 862–864. The opinion of the *Little* Court occurred at the summary judgement stage of the bank's declaratory judgement action and did not specifically address the issue of reopening the case as that had already taken place. The court in *Little* found that the state court cause of action of the debtors was barred by the theories of *res judicata*, equitable estoppel, judicial estoppel, and waiver. The court also permanently enjoined the debtors from prosecuting their state court cause of action. A major factor considered by the court in *Little* was that no cause of action against the bank had been disclosed by the debtors on their bankruptcy schedules or in any other fashion during the pendency of their cases. *Id.* at 866–867.

The facts of *Little* are distinguishable from those before this Court. First of all, *Little* involved a state court proceeding that concerned a loan that had been made to the debtors. Unlike the situation in *Little*, Robert H. Walker was not the proposed borrower in the transaction that is the basis of the litigation brought in the Norfolk Circuit Court. Secondly, the state court action in *Little* involved a loan that had in fact been made. The case brought by the Walker Partnership concerns a loan that never took place. The loan commitment letter was to the Walker Partnership. Robert H. Walker signed the commitment letter individually only as a guarantor. However, no loan was actually made so the fact that he was to be a guarantor does not make him a party to the suit.

■ This Court agrees that there are circumstances where *res judicata* may be applied to bar non-debtor parties. See *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th

---

**6.** It is interesting to note that one of Nations-Bank's affirmative defenses to the lender liability action is that a breach of the loan commitment issued to the Walker Partnership is alleged and because the Motion for Judgement contains no factual allegations regarding injury suffered by Robert H. Walker, Robert K. Walker, Melissa Walker, and Walker and Laberge, Inc., those parties do not have standing to bring the suit.

**7.** The plan discloses thirteen related entities of the debtor. The plan confirmation process would be hopelessly complicated were the debtor required to disclose every detail about related entities. This would have the potential to lead to situations where a case would turn into a "global" bankruptcy, dealing with every entity of the debtor. In our view, this is not what the disclosure requirements of the Bankruptcy Code contemplate.

Cir.1992); *Sure–Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869, 877 (2nd Cir.1991). NationsBank cites as authority for this proposition *Southmark Properties v. The Charles House Corp.*, 742 F.2d 862 (5th Cir.1984). *Southmark* held that a judgement may be *res judicata* not only to parties formally named in a lawsuit, but also as to parties whose interests were properly placed before the court by someone with standing to represent them. *Id.* at 869. We do not find *Southmark* to be applicable to the facts before this Court. The situation involving Robert H. Walker and the Walker Partnership is more akin *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979 (5th Cir.1990) which was decided by the Fifth Circuit subsequent to *Southmark*. In *Latham*, the Fifth Circuit held that the individual who was the principal of two bankrupt companies was not barred from pursuing his personal claims against the bank. However, he was barred from proceeding with claims that derived from his status as a shareholder. *Id.* at 984–985. This holding was based in part on the determination that the individual claims were not core proceedings under 28 U.S.C. § 157(b)(1) because the personal claims of the principal of the two debtors did not invoke substantive rights under Title 11 and did not arise only in the context of the bankruptcy proceedings. *Id.* at 984.

 The attempt of NationsBank to remove the state court litigation to the bankruptcy court complicates the procedural posture of this case.[8] In its Notice of Removal, NationsBank asserts that the state court litigation upon removal is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O). If the lender liability suit were

a core proceeding upon removal to the bankruptcy court, then reopening the case would almost certainly be appropriate. We therefore address the bases of jurisdiction asserted in the Notice of Removal filed by NationsBank. First of all, it is contended that to the extent the debtor is entitled to a recovery from NationsBank, that amount is an asset of the bankruptcy estate and is subject to offset against NationsBank's claims against the debtor. We have previously found that the debtor had no duty to disclose the cause of action by the partnership against NationsBank. The extremely remote chance that the debtor might realize some money from the litigation does not constitute such recovery as an asset of the estate at this point in time. Any recovery is so speculative that reopening the case at this juncture would be premature. If a monetary recovery inuring to the benefit of the debtor materializes in the future, NationsBank is entitled to bring another Motion to Reopen.[9]

 NationsBank next contends that the District Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b) because the allegations in the state court suit are based solely upon the relationship between the bank and the debtor, his properties, and his partnership. It appears from the commitment letter that the property was to be owned by the Walker Partnership. It would be an untenable stretch of this Court's jurisdiction to find that the federal court had jurisdiction over a lawsuit simply because the defendant to a lawsuit also had a financial relationship with the debtor.

 Finally, NationsBank asserts that the plan confers continuing jurisdiction upon

---

8. 28 U.S.C. § 1452 provides for the removal of claims related to bankruptcy cases in certain circumstances and also addresses the possibility of remanding such claims to state court. The statute provides:

 (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

 (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

9. It must be emphasized that the Court is in no way ruling upon the outcome of such a Motion to Reopen should Robert H. Walker personally realize proceeds from the state court litigation.

the Bankruptcy Court. In its Notice of Removal, NationsBank points to the Order confirming the plan as vesting the Court with jurisdiction to hear this lender liability action. Specifically, the Confirmation Order states that the Court will retain jurisdiction over the case for the purpose of:

4. Hearing and determining any and all disputes involving the Debtor which pertain to property of the estate, and events or transactions relating to property of the estate, whether before or after confirmation of the Plan.

We do not read this language as an open ended grant of jurisdiction. 11 U.S.C. § 1142 grants post-confirmation jurisdiction to the Bankruptcy Court and undoubtedly limits the authority of the court to matters related to the implementation and execution of the confirmed plan. *Goodman v. Phillip R. Curtis Enterprises, Inc. (In re Goodman)*, 809 F.2d 228, 232 (4th Cir.1987) (citation omitted). Jurisdiction over certain post-confirmation disputes remains with the Bankruptcy Court to the extent that those disputes might affect the successful implementation and consummation of the confirmed plan. See *Spiers Graff Spiers v. Menako (In re Spiers Graff Spiers)*, 190 B.R. 1001, 1008 (Bankr.N.D.Ill.1996); see also *In re Westholt Mfg., Inc.*, 20 B.R. 368, 372 (Bankr.D.Kan.1982) *aff'd United States v. Redmond*, 36 B.R. 932 (D.Kan.1984) ("At confirmation, all the property of the estate is vested in the debtor, thereby terminating the estate's existence, although the court has continued jurisdiction under section 1142 to oversee the plan's execution").

Based upon our foregoing discussion concerning what the debtor was required to disclose, we do not find that the Walker Partnership cause of action fits within the definition of property of the estate contem-

plated by the Order. If the state court plaintiffs are successful in recovering a sum sufficient that proceeds flow to Robert H. Walker individually, then a different situation may possibly exist. The Order of Confirmation does not confer jurisdiction upon this Court to hear any dispute involving a related entity of the debtor just because a creditor of the debtor is also involved.

▆▆▆▆▆ Bankruptcy Court jurisdiction continues for proceedings "arising under" Title 11 even though the estate has been closed. *In re Banks–Davis*, 148 B.R. 810, 813 (Bankr.E.D.Va.1992) (J. Shelley). "For a bankruptcy court to retain jurisdiction of a case after closing, the party must be claiming a right or remedy created by one of the specific sections of title 11 U.S.C. § 101 *et seq.*" *Id.* at 813. That is not the case in this particular situation. At best, the lender liability suit is only "related to" the bankruptcy case.[10] A matter may be "related to" a bankruptcy case even if it does not involve the debtor, as long as it could alter the rights or liabilities of the debtor. *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 482 (6th Cir.1992), *cert. denied* 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993), *r'hrg. denied* 507 U.S. 1002, 113 S.Ct. 1628, 123 L.Ed.2d 186 (1993). However, an extremely tenuous connection is not sufficient. *Id.* at 482. A very remote relationship exists in this case, but given the ultimate conclusion we have reached, we need not make a ruling on whether the suit by the state court plaintiffs is a matter "related to" the bankruptcy proceedings.[11]

▆▆▆ The crucial fact is that this bankruptcy case is closed and the bankruptcy estate no longer exists. *Cook v. Chrysler Credit Corp.*, 174 B.R. 321, 327 (M.D.Ala. 1994). Because we find that reopening the

---

**10.** At oral argument, counsel for NationsBank pointed out that the court in *In re Little*, 126 B.R. 861 (Bankr.N.D.Miss.1991) found that the suit by the creditor in bankruptcy court seeking a declaratory judgement concerning the preclusive effect of earlier court orders and to enjoin the state court litigation at issue was a core proceeding. The court in that case did not discuss that particular finding in any detail. We do not agree that the actions taken by NationsBank in attempting to have the lender liability suit tried in

this Court in any way confer jurisdiction upon the state court action. The *Little* court did not address the issue of whether the state court cause of action was a "core" or a "related" proceeding.

**11.** Even if "related to" jurisdiction were to exist, this case would be an excellent candidate for remand under 28 U.S.C. § 1452(b) or possibly for abstention under 28 U.S.C. § 1334(c).

bankruptcy case is not warranted under the circumstances, there is no bankruptcy estate to be affected by the state court litigation. Therefore, the lender liability suit against NationsBank does not even "relate to" a Title 11 proceeding. *Id.* at 327; see also *In re Carter,* 38 B.R. 636, 638 (Bankr.D.Conn.1984) (state court action may be removed to bankruptcy court only if Title 11 case is pending); *In re Iannacone,* 21 B.R. 153, 155 (Bankr. D.Mass.1982) (removal is not possible absent a reopening). It seems only logical that 28 U.S.C. § 1334 contemplates pending bankruptcy proceedings. *Cook,* 174 B.R. at 327. The decision to deny the Motion to Reopen therefore prevents the removal to this Court of the state court action.

## CONCLUSION

Based upon the foregoing discussion, the Motion to Reopen of NationsBank is hereby **DENIED** without prejudice.

It is so **ORDERED.**