**Donald Gregg SHANER, Plaintiff,**

v.

**FLEET BANK, et al., Defendants.**

**Civ.A. No. 01–A–52–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 27, 2001.

Kenneth J. Mendelsohn, Thomas E. James, Jemison & Mendelsohn, P.C., Montgomery, AL, for plaintiff.

John Q. Somerville, Galloway & Somerville, LLC, Birmingham, AL, for Fleet Bank.

Sara Anne Ford, William Harris Morrow, Lightfoot, Franklin & White, L.L.C., Birmingham, CL, for First Select Corp.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand (Doc. # 5), filed by the Plaintiff, Donald Gregg Shaner ("Shaner"), on January 30, 2001.

Shaner originally filed his Complaint and Amended Complaint in this case in the Circuit Court of Montgomery County, Alabama. Shaner brought claims against Fleet Bank and First Select Corporation.[1]

---

1. The court has been advised by letter that Shaner and First Select Corporation have entered into a pro tanto settlement.

Shaner brings claims for negligent or wanton reporting to credit bureaus (Count I), libel and slander (Count II), false light invasion of privacy (Count III), wantonness (Count IV), and a request for a declaratory judgment (Count V). Shaner also pleads that the total amount in controversy in this case is less than $75,000.

Fleet Bank argues that even though Shaner has only alleged state law claims, this court has federal question jurisdiction in this case.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. *MOTION TO REMAND STANDARD*

 Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive·Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. *FACTS*

Shaner alleges in his Amended Complaint that a woman by the name of Donna Cobb applied for and received an Advanta credit card in Shaner's name. According to Shaner, in June of 1997, Advanta sent an application for a credit card to Donna Cobb's address. Shaner alleges that although he never authorized the issuance of any credit card or signed for a credit card

account, Advanta processed and/or issued a credit card in the name of Donald Gregg Shaner to Donna Cobb.

Shaner states that Donna Cobb did not pay the bills charged to the credit card issued in Donald Gregg Shaner's name. Shaner alleges that the credit card account was sold or otherwise transferred to Fleet Bank and that Fleet Bank reported a delinquent account in Shaner's name to various credit bureaus. Shaner also states that Fleet Bank has demanded payment from Shaner and that Fleet Bank has refused to cease its collection efforts and has refused to clear up Shaner's credit report.

## IV. *DISCUSSION*

 Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, Fleet Bank argues that removal was proper because this court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

 There are, however, two exceptions to the well-pleaded complaint rule. One exception to the well-pleaded complaint rule is the doctrine of complete or super preemption. *Id.* at 393, 107 S.Ct. 2425. The Notice of Removal does not rely on this exception, nor does Fleet Bank state in its brief filed in response to the Motion to Remand that it contends complete preemption applies in this case.[2] Accordingly,

---

**2.** The Notice of Removal and the brief filed by Fleet Bank cite to *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), which is a case which

refers to the concept of artful pleading, but is not a complete preemption case. Fleet Bank does not argue that complete preemption ap-

the court does not reach the issue of whether complete preemption would apply in this case.[3]

The other exception to the well-pleaded complaint rule, and the exception upon which Fleet Bank relies, is that a plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citations omitted). In *Franchise Tax Board,* the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13, 103 S.Ct. 2841. The inquiry is whether the right, as defined under state law, necessarily turns on the interpretation of federal law. *Id.*

■ The task before this court, in applying the second exception to the well-pleaded complaint rule, is to determine whether, even if the plaintiff has couched the complaint in terms of state law, the real nature of the claim is federal. *See In re Carter,* 618 F.2d 1093 (5th Cir.1980).[4] In making this determination, however, the court must keep in mind that merely because a plaintiff could have stated a federal claim instead of, or in addition to, a state law claim will not sustain removal jurisdiction. *Cook v. Chrysler Credit Corp.,* 174 B.R. 321 (M.D.Ala.1994) (citing *Merrell Dow Pharmaceuticals, Inc. v.*

*Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).

■ Fleet Bank has argued that Shaner's claims are necessarily federal because resolution of Shaner's claims will involve determining whether Fleet Bank complied with duties imposed under 15 U.S.C. § 1618e(b),[5] and the FCRA preempts the alleged state law causes of action.

As to the first of these arguments, Fleet Bank would have to establish that the statutory duties imposed under the FCRA would be a necessary element of a state law claim. *See Franchise Tax Board,* 463 U.S. at 13, 103 S.Ct. 2841. Fleet Bank has merely pointed out that the statutory duties would have to be evaluated under the civil liability provisions of the *federal* statute. Such an argument begs the question of whether the civil actions provided for in the federal statute are even at issue. As earlier stated, removal jurisdiction cannot be maintained "simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced." *Giddens v. Hometown Fin. Servs.,* 938 F.Supp. 801, 804 (M.D.Ala. 1996). Without any showing that the federal statutory duties would have to be applied to determine liability under any state law claim, the court must conclude that this argument by Fleet Bank is unavailing as a basis for federal question jurisdiction.

As stated above, Fleet Bank's second argument is that the FCRA preempts Shaner's state law causes of action. Fleet Bank points out that the FCRA provides consumer reporting agencies with immuni-

plies, or cite any Eleventh Circuit law on complete preemption.

3. Although the court does not address whether complete preemption would apply in this case, the court notes that there are district courts which have determined that complete preemption does not apply under the FCRA. *See Watkins v. Trans Union, L.L.C.,* 118 F.Supp.2d 1217, 1220 n. 2 (N.D.Ala.2000) (collecting cases).

4. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5. In support of this argument, Fleet Bank cites this court to an unpublished decision, *Church v. TRW Inc.,* Civil Action No. SA–92–CA–956 (W.D.Tex. Nov. 18, 1992), but does not provide the court with a copy of this decision.

ty from certain common law claims. Under 15 U.S.C. § 1681h(e), certain common law claims cannot be brought against entities, including any person who furnishes information to a consumer reporting agency, except as to false information furnished with malice or willful intent to injure such consumer. Fleet Bank states that Shaner has not alleged that it acted willfully or maliciously.

The court first notes that Shaner has, in fact, alleged that the conduct by Fleet Bank was "wanton, intentional and/or malicious." Amended Complaint, at ¶ 29. Both this allegation and Fleet Bank's argument are, however, irrelevant to the issues before this court. As another federal district court has explained it, the fact that a complaint alleges willful and malicious conduct "misses the point" because whether "a particular state cause of action is preempted is irrelevant to whether removal of it is appropriate." *Swecker v. Trans Union Corp.*, 31 F.Supp.2d 536, 539 (E.D.Va.1998).

■ The court is aware of one unreported federal district court case which has found removal jurisdiction apparently based upon the defensive preemption of state claims by the immunity provision of the FCRA. *See Williams v. Metropolitan Life Ins. Co.*, 1994 WL 529880, No. 94 Civ. 3791 (S.D.N.Y. Sept. 28, 1994). The *Williams* opinion does not explain the basis for its conclusion, but appears to be relying on simple preemption. The difference between complete and defensive preemption is that the inquiry for "complete pre-emption" is jurisdictional in nature and focuses on whether Congress intended to make the plaintiff's cause of action federal and removable despite the fact that the plaintiff's complaint only pleads state claims. *Giddens*, 938 F.Supp. at 805. The inquiry for defensive pre-emption is substantive in nature and focuses on whether a legal defense exists. *Id.* This latter inquiry is a matter to be made by a court having jurisdiction. *Id.* The *Williams* decision appears to confuse these two concepts, and has been rejected by other district courts. *See Watkins v. Trans Union, L.L.C.*, 118 F.Supp.2d 1217 (N.D.Ala.2000); *Swecker*, 31 F.Supp.2d at 540. This court also declines to follow *Williams* because finding removal jurisdiction based on defensive preemption is in conflict with the law of this circuit.

■ The Supreme Court has clearly stated that "Congress has long since decided that federal defenses do not provide a basis for removal." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The presence of a federal defense does not make the case removable, even if the defense is preemption, and even if the validity of the pre-emption defense is the only issue to be resolved in the case. *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 855 (11th Cir. 1999). As explained by a leading commentator, "a state-initiated case will not be removable based upon a federal question that is raised by way of defense, even when that defense contends that the plaintiff's state-law claim has been preempted by federal law...." 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3722, p. 425 (1998). This court must conclude, therefore, that the mere fact that Fleet Bank may ultimately raise a defense that Shaner's state law claims cannot be brought because federal law, which has supremacy over state law, dictates that the claims are barred does not mean that Shaner has brought federal claims.[6] Instead, Shaner has brought only state law claims, and there has been no showing that any state law claim turns on the interpretation of federal law. The court concludes, therefore, that there is no federal question raised in this case.[7]

---

6. In so stating, the court expresses no opinion as to the viability of this defense.

7. On February 22, 2001, Shaner filed an Objection to the Notice of Removal, stating that Fleet Bank had untimely joined in the Notice

## IV. CONCLUSION

For the reasons discussed, the court concludes that there are only state law claims brought in this case and that there is no federal question. Accordingly, this court lacks federal question jurisdiction and the Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

of Removal filed by First Select Corporation because Fleet Bank failed to file a Notice of Removal within 30 days of the original Complaint filed in state court, which named only Fleet Bank as a Defendant. Without addressing the merits of this argument, the court finds that it is unavailing as a basis for remand because to be timely, a motion to remand based on an alleged defect in removal procedure must be filed within thirty days of the notice of removal. 28 U.S.C. § 1447(c) (a "motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). The Notice of Removal and the

Joinder in Removal filed in this case were filed on January 12, 2001.